Eileen **LAYMAN**, Plaintiff-Appellant,

v.

**SOUTHWESTERN BELL TELEPHONE CO., and Wright Tree Service of Iowa, Inc., Defendants-Respondents.**

No. 37746.

Missouri Court of Appeals, St. Louis District, Division Three.

June 21, 1977.

Motion for Rehearing and/or Transfer Denied July 21, 1977.

Application to Transfer Denied Sept. 12, 1977.

---

Sherwood R. Volkman, St. Louis, for appellant.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Joseph H. Mueller, St. Louis, for Southwestern Bell.

George J. Jeggle, St. Louis, for Wright Tree Service.

WEIER, Judge.

This court-tried case comes to us on appeal from a judgment in favor of defendants Southwestern Bell Telephone Company and Wright Tree Service of Iowa, Inc., and against the plaintiff Eileen Layman. Plaintiff's petition contained two counts. In Count I she alleged that she was the owner of real estate in Jefferson County, Missouri, and that the defendants had trespassed upon this land and had installed underground telephone wires and cables without her consent. She further alleged that the defendants continued to enter upon this land and maintained the wires and cables. As to damages she stated that by reason of the trespass the property had depreciated in value in the amount of $7,500. She prayed judgment for this sum together with $2,000 for punitive damages because of the willful and forceful nature of the acts of defendants. In Count II she realleged the same facts, prayed for the same damages and added as additional relief that she be restored to possession of the real property. After hearing the evidence, there being no request for findings of fact and conclusions of law, the court rendered judgment in favor of defendants stating that there was "insufficient evidence to establish the trespass pleaded and sought to be proved."[1]

On appeal, subject to the standards set out in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we review the case upon both the law and the evidence as in suits of an equitable nature. Rule 73.01(3)(a). We undertake this review only in respect to the specific matters urged on appeal by appellant. *DeBow v. Higgins*, 425 S.W.2d 135, 140[2] (Mo.1968); *L.S. v. L.M.S.*, 538 S.W.2d 753, 754 (Mo.App.1976).

The evidence indicated that plaintiff had received a title to the 10.3 acres of land by deed on March 8, 1956. Although unsupported by record evidence, in cross-examination, she admitted conveying a remainder interest in the land in 1967 without consideration to her son and daughter retaining a life estate. On July 11, 1973, she saw some men and equipment digging across the south boundary of her land and destroying trees. They dug a trench about a foot wide and some three feet deep and anywhere from eight to twelve feet from the south boundary line. Mrs. Layman testified that prior to July 11, 1973, the fair market value of her property was $35,000 and that thereafter, after telephone wires had been layed in the ditch and covered up, the market value was $20,000 or a difference of $15,000. By answers to interrogatories directed to Southwestern Bell Telephone Company, this defendant admitted that it had employed Wright Tree Service to perform the work of installing the telephone wires on the property of plaintiff. Defendant Wright Tree Service also admitted installing the wires under contract with Southwestern Bell Telephone Company.

The theory of the defendants in defense of their action in going upon plaintiff's property and installing a telephone cable beneath the surface of the ground was that defendant Southwestern Bell Telephone Company had received an assignment of an easement originally executed by owners of the land prior to the conveyance to plaintiff Layman and further that Mrs. Layman had given her permission for the installation of the cable across her land. In support of their easement defense, a recorded instrument entitled "Easement" executed by Ferdinand Kramme and his wife to Union Electric Company of Missouri dated March 1, 1946, was introduced in the evidence. Defendants claimed assignment of this easement by a document entitled "Joint Use Agreement" between Southwestern Bell Telephone Company and Union Electric Company. It is in the introduction of these documents, the easement to

---

1. Although this case has been considered as a trespass case by both parties and the court, because permanent damages were sought and proven under the value formula, it would actually seem to be a suit in the nature of inverse condemnation. *Beetschen v. Shell Pipe Line Corp.*, 248 S.W.2d 66 (Mo.App.1952), transferred 363 Mo. 751, 253 S.W.2d 785 (1953); *Harris v. L.P. and H. Construction Company*, 441 S.W.2d 377 (Mo.App.1969). Punitive damages are compatible with a claim for permanent damages. *Hayden v. Grand River Mutual Telephone Corporation*, 440 S.W.2d 161 (Mo.App. 1969).

Union Electric and the alleged assignment of the easement rights of Union Electric to Southwestern Bell by the Joint Use Agreement, that plaintiff's contentions on appeal are grounded. Preliminary to a discussion of these points, it should be pointed out that "prejudicial error" or "reversible error" in the admission or rejection of evidence is not an issue on an appeal in a case tried before the court. As stated in *Menos v. Hodges*, 499 S.W.2d 427, 429[4] (Mo.1973), "[t]he issue is whether the evidence should have been admitted and considered, or rejected and not considered, and when that issue is determined the next issue is what the judgment of this court should be, based upon a consideration of the competent and admissible evidence." When the evidence is admitted improperly, if other competent evidence supports a judgment in a court-tried case, harmless error results. But we do not consider evidence improperly admitted. *Pelligreen v. Century Furniture & Appliance Co.*, 524 S.W.2d 168, 170[5, 6] (Mo.App.1975).

Plaintiff's first point relied on to reverse the trial court contends that the court erred when it permitted the defendant Southwestern Bell to introduce evidence of an easement when it had pleaded only a general denial and not an affirmative defense of easement to plaintiff's claim of trespass. It was the theory of Southwestern Bell that it had a right of easement across plaintiff's land and that this right of easement was supported by two documents. As previously described, one was an easement which had been granted to Union Electric Company and the other was an assignment of this easement right by a joint use agreement. When defendant Southwestern Bell attempted to introduce the easement as its first exhibit, plaintiff objected on the grounds that an easement is an affirmative defense and that the answers of both Southwestern Bell and Wright Tree Service failed to set this defense out affirmatively. The court overruled the objection and allowed the introduction of the easement. The question now posed is whether right of entry by easement is an affirmative defense in an action for trespass.

Rule 55.08 specifies that certain named affirmative defenses shall be pleaded to a preceding pleading. In addition to those named, which does not include "easement," the rule specifies "and any other matter constituting an avoidance or affirmative defense." In applying Rule 55.08 and in determining what defenses must be affirmatively pleaded as a condition to the admissibility of such evidence at the trial, the test applied is whether the defendant intends to rest his defense upon some fact not included in the allegations necessary to support the plaintiff's case. A general denial places in issue all of the material allegations contained in plaintiff's petition necessary to support his claim and the defendant is entitled to prove any fact which tends to show plaintiff's cause of action never had any legal existence. On the other hand, if the defendant has a defense in the nature of a confession of the facts of the plaintiff's petition but avers that the plaintiff's theory of liability even though sustained by the evidence does not apply to it because of additional facts which place defendant in a position to avoid any legal responsibility for its action, then such defense must be set forth in his answer. *Semo Grain Company v. Oliver Farms, Inc.*, 530 S.W.2d 256, 258[1] (Mo.App.1975). It seems clear that the right of defendant to enter upon the land to which plaintiff has indisputable possessory right would have to be proven by some competent evidence which would give that right to defendant. This would not be in derogation of plaintiff's claim by way of showing that her claim was nonexistent but rather that despite her claim, the defendant had a positive right to enter and disturb the possessory rights of the plaintiff. Thus it is the obligation of a defendant in an action for trespass to affirmatively plead and prove matters in justification. *Corrington v. Kalicak*, 319 S.W.2d 888, 894[9] (Mo.App.1959); *Schmidt v. City of Tipton*, 89 S.W.2d 569, 572 (Mo.App.1936). It should also be noted that another form of authority to go upon land, that is a license, is specifically mentioned in Rule 55.08 as an affirmative defense. The conclusion is therefore inescapable that plaintiff's objection to the introduction of the easement evidence when it

was not pleaded in justification of the trespass should have been sustained.

■ The question then remains is to whether there is sufficient competent evidence which would sustain the judgment of the lower court for the defendants. Defendants assert that there is such evidence and that the evidence upon which they rely proves consent on the part of the plaintiff to entering the land, digging the trench and laying the cable therein. The evidence upon which they rely is testimony of an engineer employed by Southwestern Bell Telephone Company who testified that he talked to Mrs. Layman at her residence concerning the placing of a buried cable across her land. The following questions were asked of this witness and the answers given in response thereto:

Q. Did you ask her permission at that time to do that?

A. I asked her; yes, sir.

Q. Did she give you permission?

A. She didn't object.

Mrs. Layman denied that she ever had such a conversation and further testified, without contradiction, that she asked the men installing the cable to leave. Even under the most favorable inference that we give this testimony, we cannot infer that consent was given. There is a complete absence of facts proving consent in the testimony of defendants' witness. Silence may in some instances give rise to an inference that consent has been given, *State v. Stanfield*, 1 S.W.2d 834, 836[2, 3] (Mo.1927), but "consent" in its usual and accepted sense is an "expressed willingness" for the action to be taken or done for which permission is sought. *Casserly v. Bench*, 521 S.W.2d 395, 396 (Mo. banc 1975). In the situation here presented, we determine that the failure of Mrs. Layman to object at the time that the announcement was made to her that the Southwestern Bell Telephone Company would run a cable across her property cannot be implied to show consent to that action. There is then a failure of competent properly admitted evidence to prove that defendants were entitled to enter upon the land of plaintiff and after digging a trench, install a telephone cable. Plaintiff's first point relied on is therefore well-taken and we must reverse and remand.

■ We make a brief reference to two other points raised by the plaintiff for the reason that they may be at issue again on retrial. In plaintiff's second contention it is asserted that the easement granted Union Electric, which is one of the easement papers relied upon by the defendants, was improperly admitted because the instrument was not properly notarized. The instrument was executed by Ferdinand Kramme and his wife and was witnessed by "Geo. W. Tiley." A certificate was taken of "George W. Tiley" wherein he was reported by the notary public as stating that he saw the Krammes subscribe their names to the instrument, heard them acknowledge that they executed the same as their free act and deed and that they were the persons who executed the same. The certificate further stated that George W. Tiley subscribed his name to such instrument as a witness thereof at the time of the execution of said instrument and with the knowledge and consent of the parties executing the same and that George W. Tiley was known to the notary public and his name was subscribed to the instrument as a witness. This type of acknowledgement of a witness is authorized under §§ 442.260–442.290, RSMo 1969, and cannot be attacked on the basis that it was not notarized. The other complaint that "Geo. W. Tiley" and "George W. Tiley" may not be the same persons is resolved by the certificate itself which states that "George W. Tiley" is the person who subscribed his name to the instrument as a witness thereof and after such certificate, no question of identity can be properly raised. There is also an objection to the instrument being recorded before the date of the certificate. The date of the certificate was October 15, 1947, and it appears to us from the copy of the instrument submitted in the exhibits that the recording was October 17, 1947, which interpretation is further borne out by the fact that October 12, 1947, the date seized on by plaintiff as being the date of recording, is a Sunday when the recorder's office would be closed.

■ The final point raised by plaintiff concerns the admission of a copy of the

joint use agreement which allegedly transferred the easement rights of Union Electric to construct an underground cable to Southwestern Bell Telephone Company. The copy was one obviously made by some duplicating process and was not an original executed copy of the instrument. It was objected to by plaintiff as not being the best evidence. The court sustained the objection with permission to introduce a copy upon the assurance by Southwestern Bell's counsel that the original would be brought into court. The record does not disclose that this was done and the plaintiff is correct in its contention that absent agreement the duplicated copy was not properly admitted. Although this was one of the contested issues on appeal, a reading of the contents of this document indicates that it has no assignment clause of any right to subsurface easements but only concerns the rights of the parties to make joint use of utility poles.

The judgment is reversed and the cause remanded for new trial.

KELLY, P. J., and GUNN, J., concur.