**RAY–CARROLL COUNTY GRAIN GROWERS, INC.,
Plaintiff-Appellant,**

v.

**Dean NICKELL, Defendant-Respondent.**

No. KCD 28250.

Missouri Court of Appeals,
Kansas City District.

June 27, 1977.

Jack Lukehart, Brunswick, for plaintiff-appellant.

Walter E. Allen, Brookfield, for defendant-respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Action for damages for breach of contract for sale and delivery of soybeans. Jury verdict was for plaintiff, fixing damages at $2,000. Trial court sustained defendant's motion for new trial. Plaintiff appeals from that order.

By its petition filed May 25, 1973, Ray-Carroll County Grain Growers, Inc., alleged that Dean Nickell had agreed to sell and deliver to plaintiff 2,000 bushels of soybeans at a price of $4.20 per bushel; that defendant failed to deliver the beans as agreed, forcing plaintiff to purchase the beans elsewhere at a higher price.

In June, 1974, plaintiff in response to requests for admissions acknowledged that there was no written agreement pertaining to the alleged purchase of soybeans by plaintiff from defendant.

The case came on for trial May 20, 1975. On that date counsel for defendant asked leave to amend his answer to "set up the jurisdictional defense, actually the Statute of Fraud * * *." The court denied the request, pointing out that if the amendment was allowed, postponement of the trial would be required. The court also noted that in the light of the pleadings and discovery, defendant should have been aware of the possible defense "several months ago."

The case proceeded to trial, resulting in a jury verdict for plaintiff which fixed plaintiff's damages at $2,000. The defendant filed a motion for new trial, alleging as one ground therefor, the court's refusal to permit him to amend his answer to assert the defense of the Statute of Frauds. The trial court sustained the motion on that ground. Plaintiff appealed from the order granting a new trial.

On this appeal, appellant contends that the trial court abused its discretion in sustaining defendant's motion for new trial on this ground. Essentially, appellant contends that the trial court correctly denied the requested amendment, in view of the timing of the defendant's request. As appellant puts it: "The trial court could not

have been correct the day of the trial in refusing to allow the amendment and also be correct when after the trial of the cause it grants a new trial for refusing to allow the amendment."

Appellant's argument accepts the discretionary nature of the trial court's grant of a new trial. Appellant's cases all recognize that whether or not amendment of pleadings should be allowed under Rule 55.33(a) is a matter addressed to the trial court's discretion. In the case of *DeArmon v. City of St. Louis,* 525 S.W.2d 795, 802–803[18–23] (Mo.App.1975), *S——— v. W———,* 514 S.W.2d 848, 854[7–9] (Mo.App.1974), and *Semo Grain Co. v. Oliver Farms, Inc.,* 530 S.W.2d 256, 259[3–4] (Mo.App.1975), cited by appellant, the appellate court, in each instance, refused to interfere with the trial court's action in permitting or refusing amendment of pleadings. These cases recognize that relief on appellate review may be granted only for a palpable and obvious abuse of discretion.

The fact that the trial court originally exercised its discretion to refuse to allow an amendment does not preclude its later contrary action when its prior action is questioned on motion for new trial. *Simpson v. Kansas City Connecting Railroad Company,* 312 S.W.2d 113, 120[3–5] (Mo. banc 1958).

Appellant has not demonstrated that the trial court's grant of a new trial on the grounds stated was a palpable or obvious abuse of discretion. Such is appellant's burden in this case. *Penn v. Hartman,* 525 S.W.2d 773, 775[1] (Mo.App.1975). The trial court was well aware that defendant had been dilatory in seeking to advance the Statute of Frauds defense and originally denied the requested amendment. Having heard the evidence the trial court believed that the amendment should have been permitted. This exercise of discretion has not been shown to have been erroneous.

Order affirmed and cause remanded for new trial.

All concur.