Elmer H. SHAW, Jr.,
Plaintiff-Respondent,

v.

BURLINGTON NORTHERN, INC., a
Delaware Corporation,
Defendant-Appellant.

No. 11843.

Missouri Court of Appeals,
Southern District,
Division Two.

April 1, 1981.

Motion for Rehearing and for Transfer
Denied April 22, 1981.

Application to Transfer Denied
July 14, 1981.

W. Swain Perkins, Alton, for plaintiff-respondent.

James E. Reeves, Ward & Reeves, Caruthersville, for defendant-appellant.

PREWITT, Presiding Judge.

Respondent brought an action seeking relief against the St. Louis—San Francisco Railway Company (Frisco) in two counts. On the morning of trial respondent dismissed Count I based on trespass and proceeded to trial on Count II requesting ejectment. The real estate involved is an approximately 2½ acre triangular tract where Frisco installed a communications tower known as a "microwave repeater station". During respondent's evidence he sought to amend to change the legal description of the property from which he sought to eject Frisco. That request was denied. At the close of respondent's evidence, Frisco's motion for a directed verdict was sustained. Respondent then filed a motion for new trial, which the trial court sustained, finding that it "erred in failing to permit amendment of pleadings to conform to evidence since defendant Frisco should not have been surprised by the amendment." Frisco appealed from that order. Following a merger in which appellant was the surviving corporation, appellant was substituted for Frisco.

Appellant has three points relied on. Point one claims that the trial court's order was erroneous because there was no evidence for the amendment to "conform to"; because respondent's request to amend did not ask to amend to conform to the evidence; because the request was insufficient as it only requested to change the legal description without specifying the requested change; and because no proposed amendment was ever tendered. We do not know what, if any, evidence the court was referring to in its order, but we do not think that is material if its discretion was not abused. The order may have intended to refer to the offer of the exhibit that triggered the objection resulting in the re-

quest for amendment, and it was a fair inference from the bench conference when the amendment was requested that evidence that the tower was improperly located would have been offered if the amendment was allowed. We believe that the record sufficiently shows how respondent intended to amend, if allowed, and that a specific amendment was not offered because the court stated it would not allow it. Respondent's counsel stated that he was trying to show that Frisco had not located the tower on the land described in its easement but on other land owned by respondent. The petition had alleged that the tower was on the land described in a document purporting to grant an easement and respondent sought to amend to allege it was on other land. Point one is denied.

We next consider point two. There appellant contends that the court's order granting a new trial was erroneous because respondent did not make a submissible case on ejectment since the evidence disclosed that Frisco used the property "as a communications tower which was a permanent structure devoted to a public purpose and the Frisco having the right of eminent domain granted by the legislature cannot be ousted by ejectment". Appellant cites under this point *Rivard v. Missouri Pac. Ry. Co.*, 257 Mo. 135, 165 S.W. 763 (1914); *Mapco, Inc. v. Williams*, 581 S.W.2d 402 (Mo. App.1979); and *Harris v. L. P. and H. Construction Co.*, 441 S.W.2d 377 (Mo.App. 1969). Those cases hold that if a permanent structure is erected by a public utility to serve the public, then the landowner may lose his right to have the structure removed and may only sue for damages. This defense was not pled nor raised at trial and respondent contends that it is an affirmative defense that cannot be asserted here. Even if we assume that the evidence was sufficient to bring the tower within the holding of the cited cases, we believe respondent's contention on this point is correct.

■ After specifically listing some affirmative defenses, Rule 55.08, V.A.M.R., provides that a party must plead "any other

matter constituting an avoidance or affirmative defense." If a defendant intends to raise a defense based on facts not included in the allegations necessary to support the plaintiff's case, they must be pled under Rule 55.08. *Layman v. Southwestern Bell Telephone Co.*, 554 S.W.2d 477, 480 (Mo. App.1977). A defense, which contends that even if the petition is true plaintiff cannot receive the relief sought because there are additional facts which place defendant in a position to avoid legal responsibility, must be set forth in defendant's answer. Id. Appellant's contention is such a defense.

■ The evidence of Frisco's use did not create any unpleaded issues at trial. When evidence is relevant to an issue already in the case and there is no indication that the party who introduced it was seeking to raise a new issue, pleadings are not amended by implication or consent under Rule 55.33(b), V.A.M.R. *Gee v. Gee*, 605 S.W.2d 815, 817 (Mo.App.1980). Here we think respondent was entitled to show in his ejectment action Frisco's use of the property and that this did not raise a new issue not pleaded. Point two is denied.

Point three contends that the court correctly overruled respondent's motion to amend during trial and it was a gross abuse of discretion to now allow an amendment "in that the plaintiff vacillated for five years and five amended petitions between theories of trespass and ejectment and on the morning of trial elected to proceed in ejectment . . ., and having failed to sustain that theory, attempted to abandon that theory for some other unannounced or unarticulated theory."

■ The trial court by exercising its discretion to refuse an amendment during trial does not preclude its later contrary action on a motion for new trial. *Ray-Carroll County Grain Growers, Inc. v. Nickell*, 553 S.W.2d 516, 517 (Mo.App.1977). Appellant must demonstrate that the trial court's grant of a new trial was a "palpable or obvious abuse of discretion". Id. The reasons for the delay and amendments are not clear on the record before us nor does it appear that the proposed amendment was

to change the count to a theory other than ejectment. We do not think we can say on the record here that the grant of a new trial was an abuse of discretion. Point three is denied.

The order granting a new trial is affirmed and the cause remanded to the trial court for further proceedings.

All concur.