Larry W. JONES, et al.,
Plaintiffs/Respondents,

v.

LANDMARK LEASING, LTD.,
Defendant/Appellant.

No. 71904.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 7, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1997.

Application for Transfer Denied Jan. 27, 1998.

RHODES RUSSELL, Judge.

Landmark Leasing Limited ("lessee") appeals from the summary judgment granted to Larry Jones ("lessor") on lessor's petition for declaratory judgment. Lessor had asked the trial court to declare that a lease agreement between lessor and lessee would terminate on August 23, 1996, in that lessee had failed to provide timely notice of its intent to exercise the option to renew. Lessee also appeals the denial of its motion for summary judgment in which it sought a finding that special circumstances existed which warranted the trial court's equitable intervention to relieve lessee from its failure to comply with the strict terms of the renewal option clause. Lessee further appeals the trial court's order finding lessee in default for not timely answering lessor's petition and the court's order denying lessee's motion to strike portions of lessor's affidavits. We find that the summary judgment in favor of lessor was proper in that there was no issue of material fact that lessee failed to give lessor timely written notice that it was exercising the third and final option to extend the lease, and, lessor did not have to show that lessee's claim of equitable intervention failed as a matter of law because that claim was not properly pled in its answer. We affirm.

The facts in this case are fairly detailed but generally uncontested by the parties. The initial term of the lease began on April 1, 1973 and was to terminate on August 23, 1986. The lease provided lessee with the option to extend the lease for three periods of five years each after the completion of the initial term, provided that lessee gave lessor written notice of renewal at least 240 days before the expiration of the lease. Written notice, under the terms of the lease, was to be delivered in writing by certified mail.

Prior to its expiration, lessee exercised its first option to extend the term of the lease by letter to lessor dated February 5, 1985. The letter was not sent by certified mail, nor was it sent at least 240 days before August 23, 1986. Lessor nonetheless honored lessee's exercise of its first option to renew. The lease was extended through August 23, 1991.

Steven M. Hamburg, St. Louis, for defendant/appellant.

R.A. Wegman, Hillsboro, for plaintiffs/respondents.

Lessee exercised its second option to extend the term of the lease by letter to lessor dated December 6, 1990. The letter was sent by regular mail and it extended the term of the lease for the second renewal term through August 23, 1996.

In January 1996, lessor realized that he had not received notice from lessee that it was exercising its third and final option to extend the lease.[1] On April 22, 1996, lessor's attorney sent a letter to lessee informing him that since written notice had not been timely received, the lease would end on August 23, 1996, and that the premises should be tendered the following day.

In response, lessee's attorney sent a letter to lessor's attorney explaining that his client believed that he had given at least oral notice to lessor that he intended to exercise his renewal term. Lessee's attorney explained that his client's intention to renew the lease was clear from a December 19, 1990 letter in which lessee projected the future operational cash flows for the property through the year 2001. Lessee's attorney also stated that if lessee had failed to give notice of its intention to renew, then this letter was intended to be notice of the exercise of the option to renew.

Lessor filed a declaratory judgment action seeking a determination that the lease would expire on August 23, 1996, in that lessee had failed to give timely written notice as required by the lease. In addition to lessee being named as a defendant, Dairy Queen, Master Treats, and Herschel's Discount Tire Company were also joined in the action.

Lessee filed a motion to dismiss the petition for failure to state a claim on July 17, 1996. Lessee claimed that the petition failed to stated a claim upon which relief could be granted because lessor's requests for a declaratory judgment as to the rights of lessor and lessee under the lease, along with the determination as to the possessory rights of lessee and its subtenants, constituted two separate actions for relief and were improperly joined. The motion to dismiss was denied on August 28, 1996.

Lessor filed a motion for summary judgment on July 30, 1996. Attached to lessor's motion for summary judgment was an affidavit of lessor. Lessor stated that he had never received any written notice to extend the lease for the last of the three five-year periods. Lessor further stated in the affidavit that he had been told by representatives of another defendant that lessee's general partner had never extended the lease agreement. Lessee subsequently filed a motion to strike this portion of lessor's affidavit because it was allegedly hearsay and not based on lessor's personal knowledge.

Lessee also filed its own motion for summary judgment. In its motion for summary judgment, lessee asserted that it notified lessor of its renewal by letters dated December 19, 1990 and November 6, 1992. However, for purposes of the summary judgment motion, lessee stated that it would assume that the letters were not effective to constitute notice. Lessee contended that even had it failed to comply with the strict terms of the renewal option clause, it should be able to exercise the option in equity since lessor was not prejudiced by lessee's failure to give timely notice, and lessee's failure to give notice was not the result of intentional, willful, or grossly negligent behavior. Thus, according to lessee, it effectively exercised the option to renew in equity on April 30, 1996.

Lessee filed its response and memorandum to lessor's motion for summary judgment and memorandum in support of its motion for summary judgment. In its response in opposition to lessor's motion for summary judgment, lessee first stated that summary judgment was inappropriate because lessor's motion did not comply with Rule 74.04(c). Lessee also asserted that summary judgment for lessor was inappropriate in that there were genuine issues of fact of whether lessee gave notice of its intention to extend the lease for another term and whether lessor knew lessee intended to renew. Lessee asserted that lessor had actual notice that it intended to renew the lease term through the year 2001 from

---

1. According to lessor, December 27, 1995 was the last day in which lessee could have provided timely notice.

two letters it had sent lessor in 1990 and 1992.

On September 12, 1996, lessor filed an amended petition in which an undiscovered subtenant was added as a defendant. On September 18, 1996, lessor filed a motion for finding of default and for grant of inquiry. Lessor asserted that since lessee had failed to file an answer within ten days of the trial court's order of August 28, 1996 denying lessee's motion to dismiss, lessee was in default. Lessor contended that under Rules 55.25(c) and 55.27, lessee's answer was due no later than September 16.

On September 26, lessee filed a response to lessor's motion for default and a motion for leave to file an answer to lessor's first amended petition. Lessee averred in its motion that it was not in default as it had filed a response to lessor's motion for summary judgment as well as its own motion for summary judgment. Lessee also alleged that lessor's motion for default was moot since it sought to put lessee in default for failing to respond to a pleading which lessor had abandoned and superseded with an amended petition. On October 2, lessor filed an amended motion for summary judgment incorporating its previous motion for summary judgment.

On December 19, the trial court issued its order and judgment. The trial court granted lessor's amended motion for summary judgment finding that lessee's failure to give timely notice caused the lease term to expire on August 23, 1996. The trial court denied lessee's motion for summary judgment. The trial court also sustained lessor's motion for finding of default and grant of inquiry and denied lessee's motions to strike various portions of lessor's affidavits. This appeal follows.

In its first point, lessee contends that the trial court erred in granting lessor's motion for summary judgment and denying its motion for summary judgment. Lessee asserts that lessor had actual notice of its intention to renew the lease and special circumstances warranted equitable intervention from the trial court to relieve lessee from forfeiture. Lessee argues that lessor was not prejudiced by lessee's failure to give timely notice, and its failure to give notice was not the result of intentional, willful, fraudulent, or grossly negligent conduct. Lessee urges that this court should reverse the summary judgment granted in lessor's favor and enter summary judgment on lessee's behalf.

■ We first consider lessee's claim that the trial court erred in denying its motion for summary judgment. Generally, an order denying a motion for summary judgment is not an appealable order. *Lake Center Boatworks, Inc. v. Martin,* 804 S.W.2d 842, 844 (Mo.App.1991). This is true even if the denial occurs at the same time summary judgment is granted to the other party. *Clooney v. Pre-Paid Legal Services, Inc.,* 830 S.W.2d 566, 568 (Mo.App.1992).

Lessee acknowledges this general rule, but argues that the denial of its motion for summary judgment is reviewable since the merits of that motion were "intertwined" with the propriety of granting lessor's summary judgment motion. In *Kaufman v. Bormaster,* 599 S.W.2d 35, 38 (Mo.App.1980), this court indicated that in some instances, federal courts will reach the merits of the denial of a motion for a summary judgment where the propriety of the appealable order is completely intertwined with the merits of the denial. Thus, some circuits of the federal court of appeals have held that the denial of a motion for summary judgment is reviewable on appeal from an order granting summary judgment. However, *Kaufman* questioned whether this principle of law would fit comfortably within our state practice. We noted that even if the principle of intertwinement was applicable to Missouri courts, it did not find sufficient intertwining between the granting of respondent's summary judgment and the denial of the motion for summary judgment. *Id.*

■ As in *Kaufman,* we similarly do not find sufficient intertwinement between the granting of lessor's motion for summary judgment and the denial of lessee's motion for summary judgment to consider whether Missouri should depart from the general rule that the denial of a summary judgment motion is not appealable. Lessee's subpoint is denied.

We next consider lessee's contention that the trial court erred in granting lessor's motion for summary judgment. Lessee first argues that summary judgment was improper in that lessor had actual notice of its intention to renew the lease. Lessee asserts that it gave notice to lessor that it wished to extend the lease term to the year 2001 by letters dated December 19, 1990, and November 6, 1992. Lessee also contends that lessor admitted that he knew as early as 1990 that lessee intended to remain in the property through the year 2001.

■ When considering an appeal from an order granting summary judgment, we view the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response. We accord the non-moving party the benefit of all reasonable inferences from the record. *Id.*

■ If a lease specifies the kind of notice and the manner in which it is to be given for lessee to exercise an option to extend the term, there must be compliance with it to bind the lessor. *M.D. and Associates, Inc. v. Sears, Roebuck and Co.*, 749 S.W.2d 454, 456 (Mo.App.1988). "When the lease states that notice of the election to renew is to be given a certain time before the end of the original period of the lease, the lessee loses his right to renew if notice is not given within that period." *Beck v. Strong*, 572 S.W.2d 484, 489 (Mo.App.1978) (quoting Volume I, *American Law of Property*, section 3.86, p. 368 (1952)). A tenant's notice of renewal must indicate a definite and unqualified determination to exercise the option. Volume 2, Milton R. Friedman, *Friedman on Leases*, section 14.2, p. 894.[2]

On December 19, 1990, lessee mailed a letter to lessor stating:

During our recent discussion concerning the proposed sale contract for our leasehold interest in· the site at the corner of Tenbrook and Jeffco, you asked for some cash flow figures. We've provided some projections through the entire term of the lease. They reflect probable future cash flows of $433,533 during the remaining term.

We feel these figures are quite conservative. Although they don't include the escalator for the underlying period for the National Food Store lease, they also do not reflect much of an increase in percentage rent for Dairy Queen. In all probability, they will at a minimum, offset each other.

Included with the letter were some cash flow projections for the property through the year 2001. In the November 6, 1992 letter, lessee once again wrote lessor to see whether lessor was interested in purchasing its interest in the property.

■ Lessee contends that these two letters gave lessor actual notice of its intent to exercise the third and final option. We disagree. Although the two letters might raise an inference that lessee possibly intended to remain on the property until the year 2001, the letters did not indicate a definite and unequivocal intent of lessee to exercise its option to extend the lease. Nowhere in the letters did lessee actually tell lessor that it was exercising the third and final option. Lessee's letters merely discuss the possibility of lessor buying lessee's leasehold interest. The letters were insufficient ·to constitute written notice that lessee was exercising its option to extend the lease.

■ As for lessee's assertion that lessor admitted that he knew as early as 1990 that lessee intended to remain in the property through the year 2001, we find that of no consequence. Although lessor did admit in deposition testimony that he believed as early as 1990, that lessee intended to remain on the property through the year 2001, he also

---

**2.** Where lease provisions do not specify manner for giving notice, no particular form is required except that notice should evidence tenant's definite and unqualified intention to exercise his option as provided in the lease. *James v. Hutch-inson,* 211 S.W.2d 507, 511 (Mo.App.1948). *See also, Blakeslee v. Davoudi,* 54 Or.App. 9, 633 P.2d 857, 860 (1981); *Jay Gee Commerce v. Havas,* 89 Nev. 157, 508 P.2d 1015 (1973).

stated that as of January 1996 he thought lessee did not want to exercise the option because he had not received notice. Further, there is no basis for treating lessor's knowledge of lessee's intention to renew as the equivalent of a notice that binds both parties. Volume 2, Milton R. Friedman, *Friedman on Leases*, section 14.2, p. 902.

Lessee next argues that the trial court erred in granting lessor's motion for summary judgment in that a material issue of fact exists as to whether equity should intervene on its behalf, and, therefore prevent forfeiture of its option to extend the lease by reason of its failure to give timely notice. Lessee maintains that it is clear that it gave notice to lessor, although belated, by its letter dated April 30, 1996. Although lessee was approximately four months late in giving lessor notice that it wished to exercise the final option, it argues that its tardiness should be excused in that it has a valuable interest in the property, the delayed notice was not intentional, and lessor was not prejudiced by the delay.

Lessor, however, contends that the trial court did not err in granting his motion for summary judgment in that no defense to lessee's failure to give timely notice was raised by any responsive pleading. The trial court found that defenses, perhaps equitable in nature, might be available to a defendant in a cause such as this. The trial court noted, however, that under our procedure that it is mandatory that defenses be pled, particularly so when the nature of the defense is affirmative. The trial court noted that lessee had not pled a defense to lessor's cause of action because it was in default for failing to file a timely answer. In addition, the trial court stated that the answer which lessee filed on September 26, 1996, did not contain any plea of a defense. The court acknowledged that lessee's motion for summary judgment was perhaps an attempt to assert a defense to its failure to give timely notice, but observed that a summary judgment motion is not an answer. The trial court concluded that there was nothing before it which constituted a legal defense to lessee's failure to give timely notice.

Lessor argues that had lessee properly raised its claim of equitable intervention as an affirmative defense, lessor would have had to establish that the defense failed as a matter of law. Lessor, however, maintains that lessee never properly pled the defense, and therefore, was not required to show that the defense failed as a matter of law. We agree.

■■■■ Where a defendant has properly raised an affirmative defense, a movant's right to summary judgment depends upon the non-viability of that defense in addition to the viability of movant's claim. *ITT*, 854 S.W.2d at 381. Therefore, a party moving for summary judgment in the face of a properly pled affirmative defense has the burden to show that the affirmative defense fails as a matter of law. *Id.*

■■■■ Rule 55.08 requires a party to "set forth all applicable affirmative defenses ..." An affirmative defense seeks to defeat or avoid plaintiff's cause of action, and alleges that even if plaintiff's petition is true, plaintiff cannot prevail because there are additional facts that permit the defendant to avoid legal responsibility. *ITT*, 854 S.W.2d at 383, *Farm Bureau Town & Country Ins. of Missouri v. Hilderbrand*, 926 S.W.2d 944, 948 (Mo.App.1996). If a defendant intends to a raise a defense based upon facts not included in the allegations necessary to support plaintiff's case, they must be pled. *Shaw v. Burlington Northern, Inc.*, 617 S.W.2d 455, 457 (Mo.App.1981). A defense, which admits the facts of plaintiff's petition but alleges there are additional facts which place defendant in a position to avoid legal responsibility, must be set forth in the defendant's answer. *Id.*, *Terre Du Lac Property Owner's Association v. Wideman*, 655 S.W.2d 803, 806 (Mo.App.1983); *Layman v. Southwestern Bell Telephone Co.*, 554 S.W.2d 477, 480 (Mo.App.1977). Generally, failure to plead an affirmative defense results in the waiver of that defense. *State ex rel. Heiserman v. Heiserman*, 941 S.W.2d 768, 770 (Mo. App.1997).

Lessee was found to be in default for not filing a timely answer. However, lessee's answer that it eventually filed did not contain any assertion that its failure to provide timely notice was excused by equitable circum-

stances. At best, lessee's answer generally denied the allegations in lessor's petition for declaratory judgment. Lessee first raised its claim that equity should intervene to save it from forfeiture in its motion for summary judgment filed on September 4, 1996. This motion was filed before lessee filed its answer. In its summary judgment motion, lessee averred that lessor had done nothing to change his position in reliance on not receiving timely notice. Lessee further averred that its failure to give notice was not the result of intentional, willful, or grossly negligent behavior. Finally, lessee averred that it had made substantial improvements to the leasehold property during the tenure of the lease. Based on these allegations, lessee stated that it was entitled to a declaratory judgment declaring that it had exercised the option in equity.

 If lessee sought to defeat or avoid lessor's cause of action with the allegations contained in its summary judgment motion, then these allegations should have been pled as an affirmative defense in that they include additional facts not necessary to lessor's cause of action which might permit lessee to avoid the legal consequences for failing to provide timely notice. Because the affirmative defense was not properly raised in lessee's answer, lessor did not have the burden to show that it failed as a matter of law. Point one is denied.

We next address lessee's third point which attacks the propriety of the granting of lessor's motion for summary judgment. Lessee contends the trial court erred in denying its motions to strike a portion of lessor's affidavit, lessor's counter affidavit, and the affidavit of Herschel Clark. Lessee argues that these affidavits contained inadmissible hearsay and facts not based upon personal knowledge, and therefore, should not have been considered by the court in ruling on the motions for summary judgment.

In lessor's affidavit, lessor asserted "[t]hat Affiant has been told by representatives of one other defendant that Bill White, also known as William A. White, who is the General Partner of Landmark Leasing, Ltd., that he, William A. White never extended the Lease Agreement so that it would apply to the third and last renewal term commencing August 24, 1996, and expiring August 23, 2001." In Herschel Clark's affidavit, Clark asserted that "after the service of process on him in the cause herein ... William A. White, a/k/a Bill White, his landlord, told him on the phone and in person that he, White, did not notify Larry W. Jones of Landmark's intent to extend the Lease term after August 23, 1996 through August 23, 2001."

The trial court denied lessee's motions to strike the affidavits authored by lessor. The trial court ruled that the motion to strike the Clark affidavit was moot because lessee admitted in open court that it did not give the prescribed notice required by the lease.

 Rule 74.04(e) states that supporting and opposing affidavits must be based on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. *State ex rel. Conway v. Villa*, 847 S.W.2d 881, 886 (Mo.App.1993). Hearsay statements that would be inadmissible at trial are not competent to support a motion for summary judgment. *Lay v. St. Louis Helicopter Airways,*, 869 S.W.2d 173, 178 (Mo.App.1993).

 Although the trial court may have erred in denying lessee's motions to strike the statements contained in the affidavits, the statements were not necessary for the court to find summary judgment appropriate. If these statements were the only evidence of lessor's failure to receive timely notice as required by the lease, then lessor would not have been able to carry his burden of establishing he was entitled to summary judgment as a matter of law. Lessor's motion for summary judgment, however, will not fail merely because some of the statements contained in lessor's affidavit may constitute inadmissible hearsay. A court may look to the remaining portions of the affidavits and pleadings in a case to see if there is a basis to support the summary judgment. *See Zerebco v. Lolli Bros. Livestock Market*, 918 S.W.2d 931, 935 (Mo.App.1996).

 Lessor averred in his affidavit that he had never received any written notice to

extend the lease term for the last of three five-year periods as established by the lease. This statement is based upon personal knowledge and goes to the issue of whether lessor received timely notice. This fact is sufficient to establish that lessor failed to receive timely notice. Further, the trial court ruled the motion to strike the Clark affidavit was moot in that lessee had admitted in open court that it had failed to give notice. Thus, even if we were to hold that the trial court erred in denying lessee's motions to strike, summary judgment was still appropriate because there was no genuine issue of material fact that lessee had failed to provided timely notice.

Finally, lessee contends the trial court erred in granting lessor's motion for a finding of default and for a grant of inquiry. Because this court is affirming the trial court's order granting summary judgment in favor of lessor, the issue of whether the trial court correctly found lessee to be in default is moot.

The judgment of the trial court is affirmed.

CRANE, P.J., and JAMES R. DOWD, J., concur.