Travis GREEN and Darby
Green, Respondents,

v.

Jerry Lee STUDY, Appellant.

No. SD 29286.

Missouri Court of Appeals,
Southern District,
Division One.

March 19, 2009.

Motion for Rehearing or Transfer
Denied April 9, 2009.

Duane A. Cooper, Evenson, Carlin & Cooper, P.C., Pineville, for Appellant.

Jerry Lee Study, Stella, pro se.

ROBERT S. BARNEY, Judge.

Jerry Lee Study ("Appellant") appeals the trial court's "Judgment Entry" which found in favor of Travis Green ("Mr. Green") and Darby Green (collectively "Respondents"). In its judgment, the trial court granted Respondents' petition in replevin arising from the "wrongful retention" by Appellant of approximately sixteen head of cattle, but found that Respondents' claim for damages against Appellant were not proven; awarded nominal damages against Appellant in the amount of $1,000.00; awarded punitive damages against Appellant in the amount of $3,000.00; and awarded attorney fees to Respondents in the amount of $1,000.00. Appellant now raises three points asserting trial court error in awarding Respondents nominal damages in an excessive amount; in misapplying the law regarding amending the pleadings to conform to the evidence in awarding punitive damages to Respondents; and in misapplying the law regarding amending the pleadings to conform to the evidence by awarding attorney fees to Respondents.

Viewing the evidence in the light most favorable to the trial court's judgment, *GMAC v. Crawford*, 58 S.W.3d 529, 532 (Mo.App.2001), the record reveals Appellant and Respondents are adjoining landowners living on rural cattle farms in McDonald County, Missouri. Their properties are separated by a barbed wire fence which was constructed in 2002 or 2003 by Respondents. As best we discern from the record, each of the parties testified the fence had been breached on various occasions by livestock belonging to one party or the other. No prior demand for damages was made by either party against the other until one occasion in December of 2006. On that occasion, a cow belonging to Appellant got through the fence and apparently damaged a second fence on Respondents' property. Approximately two months later when Appellant sought to retrieve the cow, Respondents impounded the cow and refused to return it to Appellant unless he paid them $100.00 for damage to the barbed wire fence and $100.00 for "the yardage" or care of the cow for the time it was on their property. Appellant did not contest the fees, paid them, and retrieved his cow.

On March 25, 2007, approximately sixteen of Respondents' cattle breached the barbed wire fence, which had been damaged by an ice storm, and wandered onto Appellant's property. According to Appellant, his pasture had been newly seeded and the cattle began to graze on the young grass. Appellant then impounded Respondents' cattle. Appellant telephoned Respondents and demanded Respondents pay $200.00 per cow for a total of $3,000.00 for the return of the cattle. Respondents at-

tempted to retrieve their cattle by calling out to them, but Appellant stopped the cattle from crossing the fence dividing the parties' property. Respondents then telephoned the McDonald County Sheriff's Office, which declined to intervene in a matter it considered to be a civil case.

The following day, on March 26, 2007, Respondents filed their "Petition in Replevin—Wrongful Detention." Respondents' petition sought judgment against Appellant for the possession of the cattle and damages for their unlawful retention along with costs and attorney fees. On March 30, 2007, a "Writ of Possession" was entered; Respondents posted a $6,000.00 bond; an "Order of Delivery in Replevin" was entered; and Respondents reclaimed their cattle several days later.

A bench trial was held on April 9, 2007.[1] Appellant appeared *pro se*. Appellant testified he never attempted to charge Respondents more for their cattle's trespass than they charged him when his cow got onto their property. The trial court then entered its judgment on June 25, 2007, and Appellant appealed to this Court.

In *Green v. Study*, 250 S.W.3d 799, 802 (Mo.App.2008), this Court found the first judgment entered in this matter was not a final judgment and dismissed the appeal. After this Court issued its mandate, Respondents filed a "Motion to Amend Judgment" with the trial court and a hearing was held. On July 31, 2008, the trial court entered its "Judgment Entry" which, among other things, denied Respondents' request for actual damages, but awarded Respondents $1,000.00 in nominal damages. Further, the trial court found "the

---

1. At the same time this matter was before the trial court, evidence was presented in a companion case in which Appellant's wife was suing Respondents for the damage the cattle did to the newly seeded pasture. There is testimony included in the transcript of this matter, as well as documents in the record on appeal in this matter, which relate to this other case; however, that case is not at issue in this appeal and shall not be addressed.

pleadings were amended by the entry of evidence to which no objection was raised by [Appellant]. The [c]ourt finds this evidence supports a punitive damage claim." Accordingly, the trial court entered punitive "damages against [Appellant] in favor of [Respondents] in the amount of Three Thousand Dollars...." Additionally, regarding the issue of attorney fees, the trial court found "evidence supporting the claim was offered without objection and therefore amended the pleadings. It is clear to the [c]ourt that there is malicious action, oppression and a willful wrong" such that Respondents were entitled to attorney fees in the amount of $1,000.00. This appeal followed.

In this court-tried case, we must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Rule 84.13(d).[2] "We view the evidence in the light most favorable to the prevailing party, giving that party the benefit of all reasonable inferences, disregarding the contrary evidence and inferences." *GMAC*, 58 S.W.3d at 532; *White v. James*, 848 S.W.2d 577, 579 (Mo.App.1993). "The trial court is entitled to believe all, part, or none of the testimony of any witness." *Kickham v. Gardocki*, 966 S.W.2d 361, 362 (Mo.App.1998). "The trial court judgment is presumed correct" and this Court affirms the judgment of the trial court "under any reasonable theory supported by the evidence." *GMAC*, 58 S.W.3d at 532.

" 'Replevin is a possessory action to obtain from defendant property that he possesses, and such action relies upon a right to possession, not ownership.' " *Ferrell Mobile Homes, Inc. v. Holloway*, 954 S.W.2d 712, 714 (Mo.App.1997) (quoting *Auto Alarm Supply Corp. v. Lou Fusz Motor Co.*, 918 S.W.2d 390, 392 (Mo.App. 1996)). "It is a plaintiff's burden to 'prove his right to immediate possession of the property at the time suit was filed, and that defendant was then wrongfully detaining the same.' " *Id.* (quoting *Green Hills Prod. Credit Assoc. v. R & M Porter Farms, Inc.*, 716 S.W.2d 296, 298 (Mo.App. 1986)). Additionally, " 'a plaintiff's right of recovery depends upon the strength of his own claim, and not on the weakness of the defendant's.' " *Id.* (quoting *Olson v. Penrod*, 493 S.W.2d 673, 676 (Mo.App.1973)). "[D]amages may be allowed in a replevin suit if demanded by the successful party in his petition." *State v. American Surety Co.*, 74 S.W.2d 1094, 1095 (Mo.App.1934). "But even in a replevin suit, where the court and jury fail to assess damages, a suit may be maintained on the bond for damages." *Id.*

In his first point relied on, Appellant asserts the trial court erred in awarding nominal damages to Respondents because the amount awarded "exceeded the amount of actual damages sought;[[3]] was not a 'trifling sum'; and ... [Appellant] had an absolute statutory right to impound the cattle in question" under section 272.030.[4]

---

**2.** All rule references are to Missouri Court Rules (2008).

**3.** Appellant recites in his brief that the trial court erred in "award[ing] nominal damages exceeding [Respondents'] original prayer for relief." We note the original prayer for relief did not request a specific amount of damages; accordingly, we shall not address this portion of Appellant's claim in this opinion.

**4.** Section 272.030 states in pertinent part:
If any horses, cattle or other stock shall break over or through any lawful fence ... and by so doing obtain access to, or do trespass upon, the premises of another, the owner of such animal shall, for the first trespass, make reparation to the party injured for the true value of the damages sustained, to be recovered with costs before a circuit or associate circuit judge, and for

 In our review of Point One, we first take up Appellant's latter assertion of error regarding his "absolute statutory right to impound the cattle in question." Unfortunately, for Appellant, he did not plead this statute as an affirmative defense to the instant action. *See* Rule 55.08. "An affirmative defense is one that may defeat a plaintiff's cause of action because of facts which allow the defendant to avoid legal responsibility." *Century Fire Sprinklers, Inc. v. CNA/Transportation Ins. Co.*, 23 S.W.3d 874, 877 (Mo.App.2000). "If a defendant intends to raise a defense based on facts not included in the allegations necessary to support the plaintiff's case, they must be pled under Rule 55.08." *Shaw v. Burlington Northern, Inc.*, 617 S.W.2d 455, 457 (Mo.App.1981). Affirmative defenses "must be set forth in defendant's answer." *Id.* "Generally, failure to plead an affirmative defense results in waiver of that defense." *Detling v. Edelbrock*, 671 S.W.2d 265, 271 (Mo. banc 1984). Since appellant did not raise the statute in his pleadings, he is barred from raising this argument on appeal.[5]

 Turning now to Appellant's complaint about the amount of the nominal damages awarded in this matter, we note that "[n]ominal damages are damages awarded merely as a recognition of some breach of a duty owed by defendant to plaintiff and not as a measure of compensation for loss or detriment suffered." *Simpkins v. Ryder Freight System, Inc.*, 855 S.W.2d 416, 422 (Mo.App.1993); *see Tindall v. Holder*, 892 S.W.2d 314, 321 (Mo.App.1994). The principle of nominal damages stems from "the common law action for trespass.... For wrongs which are trespasses ... the rule remains that proof of the defendant's wrongdoing enables the plaintiff to recover nominal damages, though no loss or damages is shown beyond the invasion of right shown." *Simpkins*, 855 S.W.2d at 422 (internal citation omitted). Nominal damages "are allowed where a legal right has been invaded but no actual damages were suffered or proved, or when there is no evidence from which the value of the damages may be ascertained." *Clark v. Beverly Enterprises–Missouri, Inc.*, 872 S.W.2d 522, 527

---

any subsequent trespass the party injured may put up said animal or animals and take good care of the same and immediately notify the owner, who shall pay to taker-up the amount of the damages sustained, and such compensation as shall be reasonable for the taking up and keeping of such animals, before he shall be allowed to remove the same, and if the owner and taker-up cannot agree upon the amount of the damages and compensation, either party may institute an action in circuit court as in other civil cases. If the owner recover, he shall recover his costs and any damages he may have sustained, and the court shall issue an order requiring the taker-up to deliver to him the animals. If the taker-up recover, the judgment shall be a lien upon the animals taken up, and in addition to a general judgment and execution, he shall have a special execution against such animals to pay the judgment rendered, and costs.

All statutory references are to RSMo 2000 unless otherwise stated.

5. While there is vague testimony that cattle belonging to both parties had previously breached the fence and there was a reference made by the trial court to the fact that "the problem ... is no one has sued for that ...," there is nothing in the record before this Court which shows that the applicability of section 272.030 was argued before the trial court or specifically mentioned during trial. Most certainly the imprecise statements of the parties and the statement by the trial court did not have the effect of amending Appellant's pleadings to conform to the evidence. *See* Rule 55.33(b). " 'An issue that was never presented to or decided by the trial court is not preserved for appellate review.' " *Roberson v. Weston*, 255 S.W.3d 15, 19 (Mo.App. 2008) (quoting *VanBooven v. Smull*, 938 S.W.2d 324, 330 (Mo.App.1997)).

(Mo.App.1994). "In these instances, the law simply presumes that damage resulted. It is for the reason that these damages are not true damages at all, but imputed to vindicate an invasion of right that otherwise would go without redress, that they are in name only *nominal*." *Simpkins*, 855 S.W.2d at 422 (internal citation omitted); *see Clark*, 872 S.W.2d at 527. "Accordingly, nominal damages are fixed at a trifling sum, usually no more than $1.00, sometimes less." *Simpkins*, 855 S.W.2d at 423; *see Seelig v. Missouri, K. & T. Ry.*, 287 Mo. 343, 230 S.W. 94, 102 (1921). Further, "[a] judgment for nominal damages nevertheless is a substantial right since such a judgment determines the incidence of costs. It gives a 'peg to hang costs on.'" *Simpkins*, 855 S.W.2d at 423 (quoting *Davis v. Broughton*, 369 S.W.2d 857, 864 (Mo.App.1963)) (internal citation omitted). An award of nominal damages "also suffices to sustain an award of punitive damages." *Simpkins*, 855 S.W.2d at 423. "The proper measure of damages is a question of law for determination by the trial court," *Gee v. Payne*, 939 S.W.2d 383, 385 (Mo.App.1997), and rests in the trial court's sound discretion. *A.R.B. v. Elkin*, 98 S.W.3d 99, 105 (Mo. App.2003).

In our review, we note that Respondents admitted at trial they had no actual damages in that the properties at issue, the cattle, were returned to them unharmed and undamaged. It is our view the trial court abused its discretion by imposing the sum of $1,000.00 as nominal damages. This amount is excessive. As previously related, "nominal damages are fixed at a trifling sum, usually no more than $1.00, sometimes less." *Simpkins*, 855 S.W.2d at

423. Accordingly, per Rule 84.14 which grants this Court power to "give such judgment as the [trial] court ought to give," nominal damages in the amount of $1.00 are awarded to Respondents and against Appellant. This matter is reversed and the cause remanded to the trial court for entry of a judgment awarding Respondents nominal damages in the amount of $1.00. Point One is meritorious as it relates to the award of nominal damages. In all other respects Point One is denied.

■ In Point Two, Appellant argues the trial court erred in awarding punitive damages to Respondents in that such an award is a misapplication of the law. He maintains the trial court improperly applied "the 'implied consent rule' [in] allowing the amendment of pleadings to conform to uncontested evidence when the testimony adduced at trial was relevant to [Respondents'] claim that their cattle were being unlawfully detained by [Appellant]." [6]

■ Rule 55.33(b), which deals with "Amendments to Conform to the Evidence" states, in pertinent part:

[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

---

**6.** As in Point One, Appellant asserts he had a statutory right to impound the cattle in question and, accordingly, the trial court could not assess punitive damages against him.

This portion of his point relied on need not be addressed because of our discussion of the same matter in Point One.

Known as the "implied consent rule," this rule " 'only applies when the evidence introduced at trial bears on a new issue and is not pertinent to issues already in the case.' " *Heritage Roofing, LLC v. Fischer,* 164 S.W.3d 128, 132–33 (Mo.App.2005) (quoting *Medicine Shoppe Int'l, Inc. v. Mehra,* 882 S.W.2d 709, 714 (Mo.App. 1994)). "In other words, if evidence that raises issues beyond the scope of the pleadings is relevant to another issue already before the trial court, then failure to object to its admission does not constitute implied consent to amend the pleadings to conform to the new issue." *Heritage Roofing,* 164 S.W.3d at 133; *see Springfield Land and Dev. Co. v. Bass,* 48 S.W.3d 620, 630 (Mo.App.2001).

In *McNear v. Rhoades,* 992 S.W.2d 877 (Mo.App.1999), the plaintiffs made an argument similar to that espoused by Appellant. The *McNear* court stated:

[p]laintiffs attack the trial court's authority to amend the pleadings to conform to the evidence *sua sponte.* While we are directed to no Missouri cases addressing this issue, it is said at 71 C.J.S. Pleading [section] 278 that 'the power of the court in the furtherance of justice on its own motion to amend the pleadings to conform to the proof, or to order such an amendment, or to regard the pleadings as so amended has been recognized, and it has been held that the court has power to make on its own motion an amendment which it may make on motion of the parties.' *We hold that it was permissible for the trial court to order the pleadings amended to*

*conform to the evidence sua sponte, providing it could have done so by motion of the parties.*

*Id.* at 880–81 (emphasis added).

Accordingly, if punitive damages could have been requested "by motion of the parties" then the "trial court [could] order the pleadings amended to conform to the evidence *sua sponte* . . . ." *Id.* at 881 (emphasis added). However, the problem is that under section 509.200 and Rule 55.19 punitive damages must be specifically pled by a party in his or her petition.[7] That was not done by Respondents in the present matter in that their petition merely requested "damages."

■■■■■ "Punitive damages require a showing, by clear and convincing proof, of a culpable mental state on the part of the defendant, either by a wanton, willful or outrageous act, or reckless disregard for an act's consequences (from which evil motive is inferred)." *Werremeyer v. K.C. Auto Salvage Co.,* 134 S.W.3d 633, 635 (Mo. banc 2004). The statutes, case law, and rules are clear that "[p]unitive damages must be pleaded and proved." *Benson v. Jim Maddox Northwest Imports, Inc.,* 728 S.W.2d 668, 669 (Mo.App.1987). Therefore, in that Respondents did not specifically plead punitive damages in their petition they would have had no right, as set out in *McNear,* to request the trial court amend the pleadings to conform to the evidence. *See McNear,* 992 S.W.2d at 881. In turn, the trial court had no right to *sua sponte* amend the pleadings in this matter. *Id.* It abused its discretion in

---

7. Section 509.200 states that "[i]n actions where exemplary or punitive damages are recoverable, the petition shall state separately the amount of such damages sought to be recovered."

Rule 55.19 sets out, in part, that

[i]n actions where exemplary or punitive damages are recoverable, the petition shall

state separately the amount of such damages sought to be recovered. In actions for such damages based upon an alleged tort, no dollar amount or figure shall be included in the demand, but the prayer shall be for such damages as are fair and reasonable.

doing so. Appellant's point is well taken. The award of punitive damages in this matter is reversed.

In Point Three, Appellant maintains the trial court erred in awarding Respondents attorney fees because the judgment "was the result of the misapplication of the law regarding the 'implied consent rule' for the amendment of pleadings to conform to uncontested evidence because pleadings may not be amended to create a cause of action where one would not exist if plead." Further, Appellant asserts the judgment "is against the evidence and the weight of the evidence in that [Appellant] had a vested statutory right to impound the cattle and as such his actions were neither malicious, oppressive, or willful."[8]

Based on the reading of this point of trial court error, Appellant appears to assert solely that the trial court erred in allowing amendment of the pleadings. to conform to the evidence on the issue of attorney fees. As stated above, Rule 55.33(b) sets out that "[w]hen issues *not raised by the pleadings* are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." (Emphasis added.) We note, however, that Respondents' petition specifically re-

quested "attorney fees as permitted" such that the trial court's allowance of an amendment to the pleadings was simply not necessary. The issue of attorney fees was properly raised by Respondents in their petition and the implied consent rule was not applicable to the present matter.[9] Appellant's complaint fails. Point Three is denied.

The judgment of the trial court awarding Respondents' nominal damages in the amount of $1,000.00 and punitive damages in the amount of $3,000.00 is reversed. The cause is remanded to the trial court for its entry of an award to Respondents of nominal damages in the amount of $1.00, attorney fees in the amount of $1,000.00, and costs.

BATES, J., and SCOTT, P.J., concurs.

---

8. We have previously determined in our review of Point One that Appellant failed to affirmatively plead the statutory right which he contends grants him the right to impound the cattle in question and shields him from the imposition of damages by the trial court. Appellant having waived this issue, we need not revisit it in connection with our review of this point.

9. Appellant attempts, in the argument portion of this point relied on, to broaden his complaints on appeal; however, based on the specific construction and language of his point relied on, the only issue preserved for our review is the applicability of the implied

consent rule to the issue of attorney fees. "We do not address errors that first appear in the argument portion of a brief and are not encompassed in the point relied on, because they are not preserved for review." *Hutchings ex rel. Hutchings v. Roling*, 193 S.W.3d 334, 346 (Mo.App.2006). This Court "need *not consider arguments not raised in the* point relied on." *Eltiste v. Ford Motor Co.*, 167 S.W.3d 742, 750 (Mo.App.2005).

Additionally, it should be noted Appellant does not challenge the actual award of attorney fees in this point relied on and limits his complaints to the application of the implied consent rule.