## GUNDY v. THE STATE.

CRIMINAL LAW.—*Malicious Trespass.—Removing Partition Fence.—Notice.*
—The owner of a fence which is a partition fence between his land and that of an adjoining proprietor may, if the land of the latter be unenclosed, remove such fence without giving him any notice thereof.

SAME.—The fact that such removal is made by the owner after allowing the adjoining proprietor to connect therewith a fence which the latter is erecting to enclose his land, but has not completed, does not make the former guilty of malicious trespass.

SAME.—" *Inclosure.*"—To constitute an " inclosure," as used in section 23 of the act " concerning inclosures," etc., 1 R. S. 1876, p. 497, the fences, including the partition fence, must surround some part of the land adjoining.

From the Huntington Circuit Court.

*J. C. Branyan* and *C. W. Watkins*, for appellant.
*T. W. Woollen*, Attorney General, for the State.

WORDEN, J.—Information against the appellant for malicious trespass, in tearing down and removing certain fences.

Conviction.

New trial denied, and exception.

The facts were, as shown by evidence, that the defendant and one Charles E. Satterthwaite were adjoining proprietors of land, that of Satterthwaite lying east of that of the defendant. A public road ran along the north side of these lands. The defendant had a fence along the east side of his land, running to the north-east corner thereof.

Satterthwaite's land had been unenclosed, it being woodland, but he desired to enclose it, and he procured the consent of the defendant to connect his fence, which was to run on the north side of his land, with the fence of the defendant at the north-east corner of his land.

Accordingly, Satterthwaite commenced building his fence, commencing at the north-west corner of his land, and there connecting with the defendant's fence; but, before he had got his land enclosed, or the fence built along the entire north line of his land, the defendant concluded that he wanted a lane along the east side of his land, and he took his fence in some distance, and took down that portion of Satterthwaite's fence which connected with his, as above stated. This was the trespass complained of.

The court charged the jury, among other things, as follows :

" If the proof shows that the defendant had consented that Satterthwaite might attach his fence to that of the defendant, the question of whose land the fence charged to have been torn down was [upon] is immaterial in considering this case. If the defendant gave the prosecuting witness, Satterthwaite, leave to attach his fence to his, then the only way he could remove it, or his fence back from it, was by giving Satterthwaite six months' notice, in writing, before he moved it; no difference whether Satterthwaite had completed the enclosure or not, if the fence was unlawfully injured, and the other material allegations. are proved."

We think this charge was wrong, in respect to the point that, if the defendant had given Satterthwaite leave to attach his fence to that of the defendant, the defendant could not move his fence back from it without having first given Satterthwaite six months' notice, in writing, and that it made no difference whether Satterthwaite had completed his enclosure or not.

The statute provides, that, " When any party shall cease to use his lands, or shall lay open his enclosures, he shall not take away any part of his fence which forms a partition fence between him and the inclosure of any other person, until he shall have first given six months' notice to such person or persons as may be interested in the removing of said fence, of his intention to remove the same." 1 R. S. 1876, p. 497, sec. 23.

It seems to us, that, according to the letter and spirit of this statute, the owner of a fence, which is a partition fence between his land and that of another, may remove it at any time, without notice to the adjoining proprietor, unless the adjoining land be enclosed. The object of the notice is to give the adjoining proprietor an opportunity to protect his enclosure from trespassing animals that might otherwise come upon it after the partition fence is removed.

Where the adjoining land is not enclosed, the owner thereof is in no worse condition, as to trespassing animals, after the partition fence is removed, than before.

It seems to us also, that, to bring a case within the statute, the adjoining land must be enclosed. A fence only partly enclosing the land, would not make it an " inclosure." To constitute the " inclosure," we think the fences, including the partition fence, must surround the adjoining land or some part of it.

On account of the error in the instruction, the judgment will have to be reversed.

The judgment below is reversed, and the cause remanded for a new trial.