MARION KENT, Appellant, v. MARY LIX, Executrix of
CHRISTIAN LIX, Respondent.

**St. Louis Court of Appeals, January 19, 1892.**

**Division Fence:** RIGHT OF PERSON ERECTING SAME TO COMPENSATION
FROM ADJOINING OWNER. The statute (R. S. 1889, sec. 5039;
which authorizes one, who erects a division fence between his
land and that adjoining it, to recover one-half of the awarded
value of the fence from the owner of such adjoining land, applies
only when the adjoining land is inclosed, and the division fence
constitutes a part of the inclosure.

*Appeal from the St. Louis County Circuit Court.*
HON. W. W. EDWARDS, Judge.

AFFIRMED.

*H. M. Pollard,* for appellant.

*James A. Henderson,* for respondent.

ROMBAUER, P. J.,—This is a suit upon an award
under section 5039 of the Revised Statutes, 1889, to
recover one-half the value of a division fence erected
by the plaintiff on the boundary between his land and
that of the defendant. The cause was tried upon an
agreed statement of facts, and the trial resulted in a
judgment for the defendant. The plaintiff, appealing,
assigns for error that such judgment is against the law
and evidence.

The agreed case concedes that the plaintiff
erected the fence on the boundary line between his
land and that of the defendant, and that its appraised
value was twice the amount sued for. The only issue
for determination is this : " Is the defendant liable for
any part of the cost of the fence, without proof that the
defendant has connected his fences therewith, or uses
said fences in any manner ? "

The section of the statute under which the plaintiff claims, as far as pertinent to the present inquiry, provides: "Whenever the fence of any owner of real estate, which shall hereafter be erected or constructed, * * * serves to inclose the land of another, or which shall become part of the fence inclosing the lands of another, on demand made by the person owning such fence, such other person shall pay the owner one-half the value of so much thereof as serves to inclose his land, and upon such payment shall own one undivided half of such fence; provided the person thus benefited shall have the option to build, within eight months of such demand, a lawful fence half the distance along the line covered by the above-mentioned fence."

The plaintiff contends that the words, "inclose the lands of another," are broad enough to cover a case like the present, where the fence closes or divides defendant's land from those of the plaintiff, regardless of the fact whether the defendant's lands are closed by fences in any other direction, while the defendant contends that the statute contemplates a case only where the fence in question makes part of an entire inclosure.

We think the defendant's contention is correct. The section above set out forms part of an entire statute regulating the subject of fencing in this state, and must be construed in connection with other parts of the statute, keeping in view its manifest aim and object. The first section of the statute says: "All fields and inclosures shall be inclosed by a hedge or with a fence" (describing it). The section now relied upon, although using the words "real estate," has reference to fields and inclosures, and not to real estate generally, regardless of the purpose for which the same may be used. It was not the aim or object of the statute that any owner may erect an inclosure in the midst of a forest or prairie, and thereby compel all abutting owners to pay for one-half of his fences, although they may prefer to leave their lands unfenced. Would it be contended that, in the

case put, each of the adjoining owners might remove one-half of the fences erected by the claimant and erect his own in lieu thereof. The section relied on, by using the words "the person thus benefited," clearly implies that the division fence must be of some benefit to the person who is charged with one-half of its costs. Statutes should receive a sensible construction, when the language employed admits of such construction.

The entire statute contemplates the inclosure of of fields and not the simple fencing of boundary lines. In that respect the statute is very different from the one under consideration in *Perkins v. Perkins*, 44 Barb. 136, which is relied on by the appellant. The New York statute provided: "Where two or more persons shall have lands adjoining, each of them shall make and maintain a just proportion of the division fence between them, except the owner or owners of either of the adjoining lands shall choose to let such lands lie open as a public common." There the court properly held that the defendant was liable for one-half of a division fence erected by the plaintiff, unless he permitted his land to lie open for a public common. Nor do the decisions in other states furnish any aid in determining the question before us as their statutes are different, and each decision merely construes the statute in question in it. In *Gundy v. State*, 63 Ind. 530, which was an action for trespass in removing a partition fence without notice to the owner of an adjoining inclosure, the court properly held that a fence which only partly inclosed land is not an inclosure, but that to constitute an inclosure the fences, including the one in question, must *surround* some land.

The judgment is affirmed. All the judges concur.