Ron McNEAR and Jane C. McNear,
Plaintiffs–Appellants/ Cross–
Respondents,

v.

Maurice RHOADES, Defendant–
Respondent/ Cross–
Appellant.

Nos. 22193, 22218.

Missouri Court of Appeals,
Southern District,
Division Two.

April 30, 1999.

W. Swain Perkins, Thayer, for appellant.

Steven Privette, Willow Springs, for respondent.

PHILLIP R. GARRISON, Chief Judge.

This case involves a boundary line dispute between owners of adjoining properties. We first note that the parties to this case did not submit any exhibits, and thus it has been difficult to discern the exact facts of the case. It appears from the record, however, that Maurice Rhoades ("Defendant") purchased a sixty-acre tract of land in 1993. At that time, Ron and Jane McNear (collectively "Plaintiffs") owned land adjoining both the north and south sides of Defendant's property. At some point thereafter, Plaintiffs wanted to build boundary fences along the north and south sides of Defendant's property. Plaintiffs apparently asked Defendant to share in the cost of building those fences, but Defendant refused. Plaintiffs proceeded to build the fences partially on land that Defendant claimed as his own. On the north side of Defendant's land, Plaintiffs built a fence that "looped" through what Defendant believed to be the northeast corner of his land. In response, Defendant cut down those parts of the fence which he believed were encroaching on his land, and placed a barricade and several stakes with flags to signify what he believed was the proper boundary line. Shortly thereafter, Plaintiffs removed the stakes and tore down the barricade. Plaintiffs claimed that a prior fence, which they had removed in approximately 1990, stood in the exact place as the newly built fence, and thus even if the fence encroached upon the "boundary lines," they had acquired the fenced property through acquiescence. On the south side of Defendant's property, Plaintiffs tore down an old fence which seemed to serve as a boundary fence separating Defendant's property from Plaintiffs', and replaced it with a new one. The new fence, however, was placed several feet further north than the old one.

Plaintiffs filed suit on July 18, 1995. Their amended petition included the following counts: Count I seeking an order requiring Defendant to erect a portion of a division fence; Count II requesting the appointment of noninterested viewers to appraise the value of the fence built on or near the southern property line of Defendant's land; Count III seeking damages for trespass to their land; and Count IV seeking the establishment of boundaries in accordance with an alleged agreement between Plaintiffs and Defendant's predecessors. Defendant filed a counterclaim including the following counts: Count I seeking actual and punitive damages for trespass to realty; Count II seeking a declaratory judgment that an easement on Defendant's land is private as opposed to public; and Count III seeking actual and punitive damages for malicious prosecution

with regard to Plaintiffs' suit against Defendant.

The case went to trial on December 9, 1997, on all counts of Plaintiffs' amended petition and Count I of Defendant's counterclaim. At the close of Plaintiffs' evidence, the trial court directed a verdict in favor of Defendant with regard to Counts I and II of Plaintiffs' amended petition. The jury found against Plaintiffs on their remaining claims, and returned a verdict in favor of Defendant on his counterclaim. It awarded Defendant $500 in actual damages and $7,000 in punitive damages. Plaintiffs filed a motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. The trial court granted the motion for judgment notwithstanding the verdict and amended the judgment it had previously entered, thereby taking away the punitive damage award. Both parties appeal the trial court's judgment.

■ Before reviewing the issues, it is necessary that we comment on the statement of facts contained in Plaintiffs' brief. Of the 31½ pages devoted to the statement of facts, 1½ pages contain a general review of the factual background with only one factual statement having a citation to the transcript; 3½ pages relate the procedural history of the case; and 26½ pages serve to summarize each witness's testimony. Rule 84.04(c), Missouri Rules of Civil Procedure (1998), requires that the statement of facts be a fair and concise statement relevant to the questions presented for determination without argument, and further provides that it may be followed by a résumé of the testimony of each witness relevant to the points presented. A statement of facts that consists only of a summary of the entire trial testimony does not comply with Rule 84.04(c) and would warrant a dismissal of the appeal. *Moore v. Rollmo Corp.*, 575 S.W.2d 859, 861 (Mo.App. S.D.1978). We continue with the desire to decide cases on the merits where possible, however, rather than dismissing appeals because of Rule 84.04 violations, and will attempt to do so here.

■ In their first point relied on, Plaintiffs contend that the trial court erred in giving Instruction No. 17, a verdict director for ejectment, because Defendant did not plead that theory in his counterclaim. Plaintiffs submit that Defendant's counterclaim pled trespass, and it was not until jury instructions were submitted to the court that Defendant changed his theory from trespass to ejectment. Plaintiffs argue that because Defendant waited until jury instructions were submitted, and did not request that his pleadings conform to the evidence, it was error for the court to submit the instruction on ejectment.

Rule 55.33(b), Missouri Rules of Civil Procedure (1998), states in pertinent part:

... If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would cause prejudice in maintaining the action or defense upon the merits....

In this case, Plaintiffs objected to Instruction No. 17 during the instruction conference because "the pleadings in this case are denoted as pleadings for trespass as opposed to pleadings in ejectment" and, "therefore, [Instruction No. 17] would not conform to the pleadings or proof." In response, the court stated: "The pleadings are somewhat vague. They are labeled officially, 'Trespass.' I will allow the pleadings to conform to the evidence and permit submission of [Instruction No. 17]."

Plaintiffs attack the trial court's authority to amend the pleadings to conform to the evidence *sua sponte*. While we are directed to no Missouri cases addressing this issue, it is said at 71 C.J.S. *Pleading* § 278 that "the power of the court in the furtherance of justice on its own motion to

amend the pleadings to conform to the proof, or to order such an amendment, or to regard the pleadings as so amended has been recognized, and it has been held that the court has power to make on its own motion an amendment which it may make on motion of the parties." We hold that it was permissible for the trial court to order the pleadings amended to conform to the evidence *sua sponte,* providing it could have done so by motion of the parties.

Under the circumstances of this case, it was not necessary for Defendant to request that his pleadings be amended to conform to the evidence. Had he requested such an amendment, however, the court would have been free to do so. The presentation of the merits was subserved thereby and Plaintiffs did not contend that such an amendment would cause prejudice in maintaining their action or defense upon the merits. We deem that the pleadings were properly amended to conform to the evidence, and thus submission of Instruction No. 17 was not error for this reason.

■■■■ In the argument section of their brief under this point, Plaintiffs also contend that Defendant failed to prove an essential element of ejectment and, therefore, the verdict is fatally defective. They argue that Defendant failed to prove Plaintiffs were in possession of his land at the time he asserted his counterclaim, or any time thereafter, and, therefore, the subsequent instructions for actual and punitive damages should not have been given. Arguments not included in the point relied on, however, are not preserved for appellate review. An appellate court reviews only those issues raised in the points relied on. *Greene County Concerned Citizens v. Board of Zoning Adjustment of Greene County,* 873 S.W.2d 246, 255 (Mo.App. S.D. 1994). Issues to which an appellant alludes only in the argument portion of the

brief are not presented for review. *Scott Tie Company, Inc. v. Missouri Clean Water Comm'n,* 972 S.W.2d 580, 590 (Mo.App. S.D.1998). Accordingly, we do not address this issue. Plaintiffs' point one is denied.

■■■■ In their second point, Plaintiffs contend that "there was no proof of damages allowable in an ejectment action pursuant to V.A.M.S. § 524.110 for lost rents or profits, damages for waste or injury to the property." They argue that when Defendant cut their fence and placed the barricade and stakes designating the property line, he reclaimed his property, and thus Plaintiffs were no longer in possession of his property at the time he filed his counterclaim. More specifically, they argue that they "did not have any notice of a claim until on or about June 16, 1995 at which time [Defendant] had retaken possession of the premises; therefore, [Defendant] had not suffered any 'deprivation of possession of the property' from the date '[Plaintiffs] had notice of [Defendant's] claim to possession.' " [1]

The record reveals, however, that the following exchange took place between Defendant's counsel and Plaintiff Ron McNear at trial:

Q. Now, let me ask you about this. In fact, [Defendant's] barricade that he erected was torn down and run over by someone; wasn't it?

A. Yes.

Q. Was that you?

A. Yes.

Q. So, sir, what you did was just exactly the same thing that you complain he did was wrong; didn't you?

A. I felt it was my property.

While June 16, 1995, may have been the day Plaintiffs discovered that their fence had been cut and a barricade and stakes had been placed on the property line, evi-

1. Instruction No. 19, as submitted to the jury, read:

If you find in favor of [Defendant], then you must award [Defendant] such sum as you may find from the evidence will fairly and justly compensate [Defendant] for deprivation of possession of the property from the date [Plaintiffs] had notice of [Defendant's] claim to possession to the date of your verdict.

dence was presented by Plaintiff Ron McNear, himself, that he destroyed the barricade placed by Defendant. Thus, it seems that a jury could have found that Plaintiffs reclaimed the property as their own and continued thereafter to deprive Defendant of possession of his property after they had notice of his claim to possession. Accordingly, Plaintiffs' second point is denied.

■ For their third point, Plaintiffs contend that the court abused its discretion in ordering them to advance the costs and expenses for a court-ordered survey of the disputed boundary lines. The trial court, however, has inherent power and authority to order a survey in order to establish a proper legal description in a case where land boundaries are in issue. *Dillon v. Norfleet,* 813 S.W.2d 31, 33 (Mo. App. W.D.1991). *See also Wills v. Meador,* 638 S.W.2d 297, 298 (Mo.App. S.D. 1982); *State ex rel. County of Shannon v. Chilton,* 626 S.W.2d 426, 429–30 (Mo.App. S.D.1981). The cost of such a court-ordered survey may be taxed as court costs. *Dillon,* 813 S.W.2d at 33. The trial court in an equity case has discretion to apportion court costs among the parties. *Id.* The trial court's apportionment of such costs will not be disturbed absent an abuse of discretion. *Id.*; *Gieselmann v. Stegeman,* 470 S.W.2d 522, 525 (Mo.1971).

■ In this case, the trial court ordered a survey of the disputed boundary lines and ordered Plaintiffs to pay the entire cost of it. While the court certainly could have apportioned the cost of the survey evenly between both parties, we do not find an abuse of discretion in apportioning all of the cost to Plaintiffs. Plaintiffs instigated the lawsuit seeking to establish the boundaries of the properties and were found to be encroaching upon Defendant's land. Plaintiffs' third point is denied.

For their fourth point, Plaintiffs contend that:

The trial court erred by not granting [Plaintiffs] a new trial for the reason that the final argument by [Defendant's] counsel mentioned attorneys fees as part of the damages incurred by [Defendant] after the court had instructed counsel, upon request of [Plaintiffs'] attorney, that attorneys fees should not be mentioned in closing argument as any element(s) of damages suffered by [Defendant] and that such argument prejudiced the jury irreparably and in violation of the court's directive not to mention said as any part of the argument in connection with damages in the case.

We read Plaintiffs' point relied on as a complaint that the trial court erred in not granting Plaintiffs a new trial because, during closing argument, Defendant's attorney mentioned attorney fees as part of the damages incurred by Defendant despite the fact that the court instructed him not to do so. In the argument section under this point, however, Plaintiffs also complain that: 1) the closing argument was improper because it was a statement contrary to the law concerning recovery of attorney fees; 2) the evidence that trees were destroyed on Defendant's property should not and could not have been considered in ascertaining the appropriate amount of damages; and 3) the $250 paid by Defendant to a surveyor prior to litigation was not recoverable as damages because the survey was conducted prior to Plaintiffs having notice of Defendant's claim to possession of the disputed property. As mentioned in our discussion of Plaintiffs' first point, an appellate court reviews only issues raised in the points relied on in an appellant's brief, *Greene County Concerned Citizens,* 873 S.W.2d at 255, and issues to which an appellant alludes only in the argument portion of the brief are not presented for review, *Scott Tie Company, Inc.,* 972 S.W.2d at 590. Accordingly, we do not consider these latter issues.

■ Plaintiffs' point is premised on the violation of an instruction from the trial court not to mention attorney fees in clos-

ing argument. Plaintiffs, however, do not provide a citation to the record on appeal containing the alleged instruction from the court or the argument referred to in their point relied. It is the responsibility of an appellant to make specific page references to the legal file or transcript in the statement of facts and argument sections of the brief. Rule 84.04(i). Such failure would alone justify denial of their point. *Maupin v. Bearden*, 752 S.W.2d 403, 404 (Mo. App. S.D.1988).

█ Generally, we acknowledge that a trial court has broad discretion in the area of closing arguments. *MFA Inc. v. Dettler*, 817 S.W.2d 658, 663 (Mo.App. S.D. 1991). The trial court has an opportunity far superior to ours to fairly appraise the impact of an argument to the jury. *Id.* Appellate review is limited to a determination of whether there has been an abuse of that discretion. *Giddens v. Kansas City S. Ry. Co.*, 937 S.W.2d 300, 309 (Mo.App. W.D. 1996).

During closing argument, Defendant's attorney made the following statements:

> ... And that's what this case is about to a great extent. It's about money. It's about a guy who has got a lot of money, and has forced [Defendant] to spend a lot of his money over a few acres of land, a few acres of land. These people have probably spent over $10,000 in lawyers' fees, more in survey costs, all over this land.

Plaintiffs' counsel objected, and the following occurred during a bench conference:

> Your honor, [Defendant's counsel] has just alluded to attorney's fees and amounts in direct violation of the Court's instruction, and there is no reason for that other than to try to squeeze in some damages. I assume that the only way to correct that would be to instruct the jury, now, that they cannot consider attorney's fees by either of the parties they may have expended in this case as damages for either Plaintiff or Defendant.

The court agreed to give an instruction to the jury regarding the issue and when proceedings returned to open court, it stated:

> The jury is instructed that attorney fees are not an element or should not be considered as damages for either Plaintiff or Defendant in this case.

Plaintiffs did not request any further relief such as admonishment of counsel or declaration of a mistrial.

█ When a trial court is confronted with a particular situation, what it should do depends on the nature of the argument, the form and character of the objection, the action requested of the court, the subsequent conduct of the offending counsel, and the issues and general atmosphere of the case. *MFA Inc.*, 817 S.W.2d at 662. In this case, the trial court granted all the relief sought by Plaintiffs; namely, it sustained their objection and instructed the jury that they were not to consider attorney fees in assessing damages. By not requesting additional relief, Plaintiffs waived the prejudicial effect – or possible prejudicial effect. *See MFA Inc.*, 817 S.W.2d at 662. In failing to request a mistrial at the time of the alleged impropriety, Plaintiffs implicitly decided that the argument complained of was not so grievous as to require drastic action. *See Welch v. Burlington N. R.R. Co.*, 807 S.W.2d 226, 228 (Mo.App. E.D.1991). A party is not entitled, in such a situation, to gamble on the verdict of the jury, and if he loses then assert in a motion for new trial or on appeal that prejudicial error resulted from the incident. *MFA Inc.*, 817 S.W.2d at 662. Furthermore, we note that while the comment made during closing argument alluded to some $10,000 being expended for attorney fees, the jury awarded only $500 in actual damages to Defendant. Accordingly, we do not find that the trial court erred in denying Plaintiffs' motion for new trial with regard to comments made about attorney fees during closing argument.

In their fifth and final point, Plaintiffs contend that the trial court erred in directing a verdict in favor of Defendant on Counts I and II of their amended petition "because the issue of whether the fence Plaintiffs constructed on the south boundary line of Defendant's property and the proposed construction of a fence on the north boundary of Defendant's property would serve to enclose the property of Defendant was a fact question to be determined by the jury."

In reviewing the grant of a motion for directed verdict, we review to determine if the plaintiffs made a submissible case. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 765 (Mo. banc 1984). In determining whether a submissible case is made, we view the evidence and all reasonable inferences therefrom in the light most favorable to the claimant's case and disregard all evidence to the contrary. *Mathis v. Jones Store Co.*, 952 S.W.2d 360, 365 (Mo.App. W.D.1997). Each and every element essential to establish the liability of a defendant must be supported by substantial evidence. *Id.* at 366. In this regard, substantial evidence is competent evidence from which a trier of fact can reasonably decide the case. *Id.* And, if one or more of the elements of a cause of action are not supported by substantial evidence, a directed verdict is proper. *Id.* However, a directed verdict is a drastic action and should only be granted if reasonable persons could not differ as to the outcome of the case. *Gamble v. Bost*, 901 S.W.2d 182, 185 (Mo.App. W.D.1995).

Count I of Plaintiffs' amended petition apparently relied on section 272.060, R.S.Mo.1994, in seeking its "Demand on Adjoining Landowner to Erect a Division Fence." Section 272.060 states:

Whenever the fence of any owner of real estate, now erected or constructed, or which shall hereafter be erected or constructed, the same being a lawful fence ... serves to enclose the land of another, or which shall become a part of the fence enclosing the lands of another, on demand made by the person owning such fence, such other person shall pay the owner one-half the value of so much thereof as serves to enclose his land, and upon such payment shall own an undivided half of such fence.

Pursuant to section 272.060, the fence must be part of an entire enclosure to the adjoining landowner's property. *Kent v. Lix*, 47 Mo.App. 567, 568 (1892). A fence does not serve to "enclose" a piece of property unless it completely surrounds the land. *Id.*

In this case, Plaintiffs offered evidence that Defendant's land was either enclosed or to be enclosed by the proposed fences on the north and south boundaries. No evidence was introduced, however, to show that Defendant's entire property was or would be surrounded by fences. As a result, insufficient evidence existed for a reasonable jury to find that the fences, "now erected or constructed, or which shall hereafter be erected or constructed," served to enclose the land of Defendant or become part of the fences enclosing the land of Defendant. Accordingly, Plaintiffs failed to make a submissible case under section 272.060, and the court did not err in directing a verdict in favor of Defendant with regard to Count I.

Count II of Plaintiffs' amended petition sought the appointment of persons to appraise the fence and determine the amount owing to them in accordance with section 272.060. Having found that Plaintiffs failed to show entitlement to contribution from Defendant's for the fences under section 272.060, the trial court did not err in directing a verdict in favor of Defendant with regard to this count as well. Accordingly, Plaintiffs' final point is denied.

In Defendant's only point, he argues:

The trial court erred in entering its amended verdict withdrawing [Defendant's] punitive damage award for error in instruction because:

(A) This action was pending at the time of the decision in *Rodriguez v. Su-*

*zuki Motor Corporation,* 936 S.W.2d 104 (Mo.Sup.Ct.1996) (sic), which decision specifically excepts pending cases from its declared change in the burden of proof on the punitive damage jury instruction from the general burden of proof to a clear and convincing standard of proof, and /or

(B) The [Plaintiffs] failed to object to the instruction when given, nor was it raised in [Plaintiffs'] Motion for New Trial, and/or

(C) The proper remedy would be a new trial on the issue of punitive damages.

The trial court entered judgment on the verdict on February 5, 1998, awarding Defendant $500 in actual damages, and $7,000 in punitive damages. In a judgment dated February 26, 1998, however, the court stated:

Now, after considering [Plaintiffs'] Motion for Judgment Notwithstanding the Verdict or, in the Alternative, Motion for New Trial the Court makes the following orders and judgment.

In *Rodriguez v. Suzuki Motor Corp.,* 936 S.W.2d 104 (Mo. banc 1996), the Missouri Supreme Court reversed a judgment of the trial court for punitive damages. In *Rodriguez,* the only instruction on the burden of proof was the general burden of proof instruction for regular civil claims under MAI 5 [th] 3.01. The Court concluded a higher standard of proof is required, and for "common law punitive damage claims, the evidence must meet the clear and convincing standard of proof." The higher standard shall apply in all civil cases in which trial begins after February 1, 1997. *Id.* at 111. As in *Rodriguez,* [Defendant] submitted on his counterclaim for punitive damages only the general burden of proof instruction and not the clear and convincing standard of proof now required under *Rodriguez.* Considering [Plaintiffs'] [M]otion for [J]udgment [N]otwithstanding the [V]er-

dict, the Court finds and concludes [Defendant] failed to meet the clear and convincing standard of proof for punitive damages.

Therefore, on the verdict for punitive damages, the Court grants [Plaintiffs'] Motion for Judgment Notwithstanding the Verdict, and sets aside its prior order and judgment for punitive damages.

In *Rodriguez,* the Missouri Supreme Court noted that the only burden of proof instruction given was the preponderance of the evidence standard articulated in the general burden of proof instruction for regular civil cases. Under that instruction, the jury was only required to believe "more likely than not" the propositions of fact submitted in the instruction on punitive damages. *Id.* at 109–110. The Court held, however, that for common law punitive damage claims, the evidence must meet the clear and convincing standard of proof. *Id.* at 111. The Court declared that the new standard shall apply to "this case, all cases in which trial begins after February 1, 1997, and all pending cases in which a proper objection has been preserved." *Id.* The instant case was tried in December 1997, approximately ten months after February 1, 1997. Thus, the new standard of "clear and convincing evidence" applied to this case.

■ Defendant asserts that the language of the Supreme Court signifies that the new standard only applies to cases tried after February 1, 1997, if a proper objection has been preserved. We reject this interpretation. *See Cole v. Goodyear Tire & Rubber Co.,* 967 S.W.2d 176, 187 (Mo.App. E.D.1998) (holding that *Rodriguez* applied where the case had been tried before the *Rodriguez* decision, but it was still pending on after-trial motions and the issue had been preserved for appeal). The new standard set forth in *Rodriguez* applies to all cases tried after February 1, 1997, regardless of whether any objection has been preserved.

In the instant case, the trial court's ruling was based on Plaintiffs' motion for judgment notwithstanding the verdict. The court said, "Considering [Plaintiffs'] [M]otion for [J]udgment [N]otwithstanding the [V]erdict," Defendant failed to meet the clear and convincing standard of proof for punitive damages. The court specifically stated, "[T]he Court grants [Plaintiffs'] Motion for Judgment Notwithstanding the Verdict, and sets aside its prior order and judgment for punitive damages."

■ A motion for judgment notwithstanding the verdict presents the same issues as a motion for a directed verdict at the close of all of the evidence; i.e., whether the party with the burden of proof made a submissible case. *Wells v. Orthwein,* 670 S.W.2d 529, 532 (Mo.App. E.D.1984). Here, the trial court specifically based its ruling on Plaintiffs' motion for judgment notwithstanding the verdict and, therefore, effectively ruled that Defendant's evidence did not rise to the level of clear and convincing under the *Rodriguez* standard. This ruling is distinguishable from a ruling on a motion for new trial that the jury was improperly instructed. The effect of the trial court's ruling here was that regardless of whether the jury was properly instructed on the issue of punitive damages, the evidence did not rise to the level of establishing a submissible case.

■ Defendant's point relied on is premised on the trial court's alleged error in basing its ruling on the failure to properly instruct the jury concerning the burden of proof on the issue of punitive damages. As indicated above, that was not the basis for the trial court's ruling. While Defendant makes an abbreviated reference, consisting of one paragraph in the argument section of his brief, to evidence which he apparently contends would support an award of punitive damages under the clear and convincing standard, we must bear in mind that the only issues for consideration on appeal are those stated in the point relied on, and those which are not contained therein are considered as abandoned. *Scott Tie Company, Inc.,* 972 S.W.2d at 590; *Greene County Concerned Citizens,* 873 S.W.2d at 255. Additionally, Defendant cites no case authority in support of the argument referred to above that the evidence rose to the level of clear and convincing. The failure to cite authority in support of an argument, or state why relevant authority is not available, results in the abandonment of the claim. *In re Marriage of Hershewe,* 931 S.W.2d 198, 205 (Mo.App. S.D.1996).

Defendant has not demonstrated that the trial court erred in its ruling on Plaintiffs' motion for judgment notwithstanding the verdict. His point on appeal, therefore, is denied.

The amended judgment is affirmed.

SHRUM, P.J., and BARNEY, J., concur.