**William GLASGOW,**
**Plaintiff/Respondent/Cross–Appellant,**

v.

**Margaret A. COLE,**
**Defendant/Appellant/Cross–Respondent.**

No. ED 84285.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 12, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 2005.

Application for Transfer Denied
Aug. 30, 2005.

Goffstein, Raskas, Pomerantz, Kraus & Sherman, LLC, Robert E. Tucker; Lori R. Koch, St. Louis, MO, for appellant.

Thomas A. Connelly, St. Louis, MO, for respondent.

Before LAWRENCE E. MOONEY, P.J. and LAWRENCE G. CRAHAN, J. and MARY K. HOFF, J.

PER CURIAM.

Margaret A. Cole (Cole) appeals from the judgment of the trial court granting a new trial on the issue of damages only in favor of William Glasgow (Glasgow) in Glasgow's breach-of-contract action.[1] Glasgow cross-appeals, claiming the trial court erroneously instructed the jury on the measure of damages. We reverse the trial court's judgment and dismiss Glasgow's cross-appeal.

The facts, as pertinent to the issues on appeal are as follows. Glasgow filed this action for breach of contract against his insurance broker, Cole, claiming that: 1) Glasgow was a named insured on a proof of insurance issued by Cole covering a residence located at 2415 Wheaton, St. Louis, Missouri (residence); 2) the residence was extensively damaged in a fire while the proof of insurance remained in effect; and 3) Cole refused payment to Glasgow for the damages after Glasgow reported the loss.

---

1. This is the second time this case has come before this Court on appeal. In the first appeal, we reversed the trial court's grant of summary judgment in favor of Glasgow. *Glasgow v. Cole,* 88 S.W.3d 114 (Mo.App. E.D.2002).

The partial fire loss to the property occurred on June 29, 1998. Prior to the loss, Glasgow applied to insure the property for $60,000. During trial, Glasgow testified that he paid only $8,500 for the property when he purchased it in April 1998, but had spent $32,788 on repairs to the property between March and June of 1998. However, Glasgow's employee testified that he inspected the property between the time Glasgow purchased it and the fire occurred, was familiar with the property's condition, and recollected that it had only been painted during this time period. When Glasgow reported the fire damage to Cole, he estimated the probable amount of the loss as $22,000. Additionally, Cole's expert, a real estate appraiser, testified during trial that the entire property before loss would have been worth approximately $50,000, and he attributed $12,000 of this value to the lot. Glasgow testified that the property's market value after the fire would be approximately $5,000.

Following trial, the jury rendered a verdict for Glasgow, awarding him $22,458 plus pre-judgment interest in the amount of $11,053, for a total award of $33,511. Glasgow filed a motion to amend the judgment, for judgment notwithstanding the verdict, for a new trial on damages only, or for additur, arguing: 1) the judgment was against the weight of the evidence; 2) the judgment was against the overwhelming weight of the evidence; 3) misconduct by Cole during cross-examination influenced the jury and resulted in an inadequate damages award; 4) the trial court erred in submitting Cole's instruction on damages; 5) the trial court erred in submitting the instruction on damages because it provided the wrong basis for determination of loss, i.e., the difference in the residence's fair market value before and after the loss; and 6) the trial court erred in allowing testimony that the fair market value of the residence was less than the amount insured.

Cole also filed a motion for judgment notwithstanding the verdict, or, in the alternative, to amend the judgment, arguing that she was entitled to judgment because: 1) the evidence clearly showed that there was no human habitation of the residence for more than 60 days prior to the fire loss, which precluded coverage or payment to Glasgow regardless of any breach of contract by Cole; and 2) Glasgow was not the real party in interest to claim damages for the loss as the evidence showed that all expenses for repair of the residence were incurred by a corporate entity that was not a party to the action. Cole's alternative motion to amend the judgment claimed the court's award of pre-judgment interest contradicted the court's previous judgment on the issue and was contrary to applicable law.

The trial court denied Cole's motion, but granted Glasgow's motion for new trial as to damages only, stating that it had "grave doubts as to the fairness to [Glasgow] of the damages awarded due to a comment made by [Cole] as to the origin of the fire during her testimony." The trial court subsequently denied Cole's motion to reconsider.

On appeal, Cole claims the trial court erred in granting Glasgow's motion for new trial on the issue of damages only because the jury was instructed to disregard Cole's comment, the comment did not prejudice Glasgow, and the verdict was supported by substantial evidence. Cole further argues the trial court erred in granting Glasgow's motion because if the verdict was the result of passion or prejudice on behalf of the jury, a new trial as to all issues should have been granted.

■■■■ The trial court has broad discretion in granting on new trial on the issue

of damages. *Steele v. Evenflo Co., Inc.,* 147 S.W.3d 781, 786 (Mo.App. E.D.2004); *Tomlin v. Guempel,* 54 S.W.3d 658, 660 (Mo.App. E.D.2001). However, the trial court's power to grant a new trial is discretionary only as to questions of fact, not as to questions of law. *Steele,* 147 S.W.3d at 786.

■ The record reveals that the comment by Cole concerning the fire's origin took place during the following cross-examination and subsequent discussion:

[Plaintiff's Counsel]: ... When did you get the written authority from Universal Fire and Casualty to issue that binder?

[Cole]: Written authority was not—I did not get written authority. But I've always issued that same piece of paper for every piece of property that I have ever written.

[Plaintiff's Counsel]: And you did sign this agreement?

[Cole]: That's correct.

[Plaintiff's Counsel]: And you did agree to be bound by it?

[Cole]: And it has never been a problem.

[Plaintiff's Counsel]: First time for everything, I guess?

[Cole]: I'm not the one who poured gasoline and set the fire.

[Plaintiff's counsel]: Judge—

The Court: Jury is instructed to disregard the last comment by the witness.

[Plaintiff's counsel]: Judge, can we have a sidebar?

(The following proceedings were had at sidebar out of the hearing of the jury:)

[Plaintiff's counsel]: Make a Motion for Mistrial. That was highly prejudicial and flies in the face of the motion in limine, which was sustained as to anything dealing with arson.

From the reaction of [Defense counsel] when [Cole] said that I believe he had no knowledge that was coming nor did he have anything to do with it. But, Judge, the prejudicial effect is overwhelming. The look of surprise on the jurors' faces was unbelievable.

I don't think I have any choice but to ask that the jury be directed to disregard the evidence, that the evidence be stricken, and that you order a mistrial. I think we've poisoned this process to the point that we can't do anything else.

Plaintiff's counsel then requested a lunch recess while he discussed this incident with Glasgow. Thereafter the following discussion occurred:

The Court: We're outside the hearing and presence of the jury. I believe at least one of the paragraphs in the motion in limine by the Plaintiff in this case was basically not to discuss arson in this case.

[Plaintiff's counsel]: That's correct.

The Court: And I know that mistrial is a drastic measure.

[Plaintiff's counsel]: Judge, I have to say on the record [Glasgow] does not require a mistrial. And I understand that this is expensive for him. It's been incredibly expensive. So this far in and to drop that little bomb right in the middle of everything—I would however, say that I would suggest appropriate sanctions to strike their pleadings and enter judgment for liability and we'll go forward with damages.

Because this was calculated for the effect it had. She's sittin' there with a smirk on her face after she did it. So it was calmly and coolly calculated by her to do it.

And I again want to say on the record I don't think [Defense Counsel] had anything to do with this. From the look,

reaction and shock on his face I'm convinced he didn't.

But this was calculated, done by, [Cole] to have the effect that it had and it has poisoned the entire case now and will open up whole new areas that we now have to cover I'm afraid.

The trial court denied the motion for mistrial and warned Cole that similar behavior would result in her pleadings being stricken and the cause proceeding with damages only.

■ When a trial court is faced with situations such as occurred here, what action the court should take depends upon matters such as the nature of the argument made before it, the form and character of the objection, the action requested by the offended party, and the issues and general atmosphere of the case. *McNear v. Rhoades*, 992 S.W.2d 877, 883 (Mo.App. S.D.1999) (where trial court granted all relief sought by plaintiffs by sustaining objection and instructing accordingly, plaintiffs who failed to request additional relief waived any possible prejudicial effect). In this instance, the trial court granted nearly all the relief sought by Glasgow: it immediately instructed the jury to disregard the comment and later admonished Cole about her improper remarks. Further, the only relief that Glasgow requested that was not granted—a directed verdict as to liability—would have done nothing to ameliorate prejudice to Glasgow in the assessment of his damages which he still wanted submitted to the jury. Glasgow expressly stated on the record that he did not require a mistrial. Glasgow is not entitled to "gamble on the verdict of the jury, and if he loses then assert in a motion for new trial or on appeal that prejudicial error resulted from the incident." *Id.* By declining a mistrial, Glasgow implicitly decided that the comment was not so injurious as to require

drastic action and waived any possible prejudicial effect. *Id.; Welch v. Burlington N. R.R. Co.*, 807 S.W.2d 226, 228 (Mo.App. E.D.1991) (defendant contended trial court erred in denying its motion for new trial because willful, repeated, and highly prejudicial conduct by plaintiff denied defendant a fair trial; defendant's failure to request mistrial at time of the alleged impropriety indicated defendant believed conduct was not so grievous as to require drastic action).

■ Furthermore, the jury's verdict was not so shockingly inadequate as to indicate it was the result of passion and prejudice or a gross abuse of the jury's discretion. *Tomlin*, 54 S.W.3d at 660. Rather, the verdict was supported by substantial evidence. A partial fire loss award factually similar to that before us was recently considered by the Western District in *Jam, Inc. v. Nautilus Ins. Co.*, 128 S.W.3d 879, 896 (Mo.App. W.D.2004). In *Jam*, the plaintiff testified that the market value of his damaged building was $86,000 before his fire loss and that he had spent in excess of $115,000 to repair the damage. *Id.* At the close of trial, the jury awarded the plaintiff $100,000. *Id.* On appeal, the plaintiff argued the jury could have determined from his testimony that the property had a negative value of $29,000 after the fire, and plaintiff surmised the jury then reduced the damages to the $100,000 amount to which it was limited. *Id.* However, the Western District disagreed. *Id.* Noting that the proper measure of damages in the case of partial loss to real property is the difference between the reasonable values of the property immediately before and immediately after the casualty, the court found the plaintiff's testimony as to the property's value after the fire was insufficient to establish the amount of damages because it was based solely on the cost of repair. *Id.* The court conclud-

ed the remaining evidence, in the light most favorable to the jury's verdict, was that the difference between the fair market value of the building before and after the fire was $86,000. *Id.* The court reversed the jury's damages award and remanded the cause with instruction to award the plaintiff this amount for his real property loss. *Id.*

Here, Cole's expert testified that the building on the property would have been worth approximately $35,000 to $38,000 before the partial loss was incurred, and Glasgow's testimony was that the property would be worth approximately $5000 after the fire. Significantly, Glasgow himself estimated his probable loss at $22,000 when he initially reported the fire. Thus, we find the jury's award of $22,458 was supported by substantial evidence.

Accordingly, we conclude the trial court abused its discretion when it granted Glasgow's motion for new trial on the issue of damages. *Steele,* 147 S.W.3d at 786 (standard of review for motion for new trial); *Tomlin,* 54 S.W.3d at 660 (determination of damages is principally the jury's decision whose discretion includes accepting or rejecting all or part of plaintiff's claimed expenses; it is jury's duty to judge credibility and to weigh and value witness's testimony); *Roark Motor Lodge Interval Sales Corp. v. Lindner,* 779 S.W.2d 684, 686 (Mo.App. E.D.1989) (jury verdict will be set aside or adjusted only when its assessment of damages is so shockingly meager as to indicate that it resulted from arbitrary or prejudicial exercise of discretion). Point granted. Given our disposition on this point, we need not address Cole's argument that the trial court erred in granting a new trial on the issue of damages only because a verdict resulting

from jury passion or prejudice would require a new trial as to all issues.

■ As noted, Glasgow claims in his cross-appeal that the trial court erroneously instructed on the measure of damages. In his motion for new trial, Glasgow requested a new trial on damages only. This was exactly the relief the trial court granted. Glasgow is not aggrieved by the trial court's decision granting the new trial on damages only and thus his cross-appeal must be dismissed.[2] However, that does not end our inquiry. As a respondent, Glasgow may seek to justify the granting of a new trial on other grounds in the motion not specified by the trial court. *Trinity Lutheran Church v. Lipps,* 68 S.W.3d 552, 557 (Mo.App. E.D.2001); *Benscoter v. Williams,* 600 S.W.2d 217, 221 (Mo.App. E.D.1980). Hence, we will review Glasgow's claim in his motion for new trial that the trial court erroneously instructed on the measure of damages.

Specifically, Glasgow claims that the use of the approved MAI 4.02 damage instruction is contrary to Section 379.140 RSMo 2000 and Rule 70.02(2). Here, the trial court submitted the following damage instruction based upon MAI 4.02:

If you find in favor of William Glasgow, then you must award Plaintiff William Glasgow such sum as you may find from the evidence to be the difference between the fair market value before it was damaged and its fair market value after it was damaged and you may, if warranted, award such sum as will fairly and justly compensate Plaintiff William Glasgow for loss of use up to twelve (12) months.

Glasgow argues the proper damage instruction to submit in the case of partial

---

**2.** Cole requested a new trial on all issues. She was aggrieved by the court's grant of a new trial on damages only. *Stith v. St. Louis*

*Public Service Co.,* 363 Mo. 442, 251 S.W.2d 693, 695–96 (1952).

fire loss was that which he submitted to the trial court:

> If you find in favor of William Glasgow on his claim for damages, then you must award him the sum of $＿＿＿ for damages to his house, and you must award William Glasgow such sum as you may find from the evidence that will fairly and justly compensate him for the loss of the use of the house plus interest on the above at the rate of 9% per annum from 29 June 1998.

> (The phrase "depreciation" as used in this instruction means and includes any deduction of lessening in value between the time of the issuing of the proof of insurance and the date of loss).

Glasgow concedes in his brief that the long-standing rule of law in Missouri is that the MAI 4.02 damage instruction should be given in situations involving partial fire loss, but argues that this existing law should be changed. We decline to overrule existing Missouri case law and conclude the trial court correctly instructed on the measure of damages. *See Wells v. Missouri Property Ins. Placement Facility*, 653 S.W.2d 207, 210 (Mo. banc 1983) (measure of damages in the case of a partial loss of property, real or personal, is the difference between the reasonable values of the property immediately before and immediately after the casualty). Point denied.

The judgment of the trial court granting a new trial as to damages is reversed; the cause is remanded with directions to reinstate the jury's verdict and enter judgment thereon. Glasgow's cross-appeal is dismissed.