

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| ANASTASIA COLLIER, | ) | No. ED110937 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1722-AC07367-01 |
| | ) | |
| ANDREA STEINBACH, | ) | Honorable Michael W. Noble |
| | ) | |
| Appellant. | ) | Filed: May 30, 2023 |

Andrea Steinbach (Steinbach) appeals from the order of the trial court granting Anastasia Collier (Collier) a new trial. We reverse and remand.

## BACKGROUND

On July 11, 2012, Collier and Steinbach were involved in a motor vehicle accident on Hampton Avenue in the City of St. Louis. Collier filed a petition alleging Steinbach was negligent in turning left in front of her vehicle, causing a collision. Collier claimed the accident caused severe and permanent damage to her ribs. She sought damages for loss of enjoyment of life, reduced capacity to work, inconvenience, pain and suffering, and emotional distress. In 2018, a jury returned a verdict in favor of Collier but assessed twenty percent fault to her. Both parties appealed. This court reversed the judgment in favor of Collier and remanded the cause for a new trial in *Collier v. Steinbach*, 597 S.W.3d 317 (Mo. App. E.D. 2019).

The second trial was held in May 2022. During closing argument, Steinbach challenged the amount of damages Collier requested in the opening statement. Specifically, Steinbach's counsel stated, "This isn't a game of Monopoly. This woman got up in front of you – and think about it. Put yourself in her shoes. She has to get up –." Collier immediately interrupted, asked to approach the bench and requested "not only an instruction to disregard and admonish [counsel] in front of the jury, but [also] a mistrial, and sanctions, and fees, and fines."

The court called a recess, excused the jury, and entertained lengthy argument. Collier claimed the statement was an explicit and improper request for the jury to place themselves in Steinbach's shoes, stating, "I think, Judge, to preserve our record, we have to ask for a mistrial." The court confirmed counsel was arguing the statement was a "mistriable phrase." Then Collier's counsel asked, "Is the Court inclined to grant a motion for mistrial?" to which the court responded, "The Court is inclined to entertain anything that you guys want to do," and added, "if you say, Judge, we want a mistrial, I just want to know – you've got to pick . . . ."

After consultation with Collier, her counsel apprised the trial court, "we would ask the Court instruct the jury to disregard those comments, admonish [counsel for Steinbach] in front of the jury, and then we'll move on." The jury returned and the court stated, "All right, ladies and gentlemen of the jury, I want you to disregard the previous statement you heard from [counsel for Steinbach]. [His] argument was totally improper, and has no place in any court, and you are ordered not to consider it in your deliberations. Does everybody understand that? (Whereupon, yes was heard.)"

The jury returned a verdict in favor of Collier in the amount of $100,000 and assessed eighty-five percent fault to Steinbach and fifteen to Collier. The trial court entered judgment on the jury's verdict, awarding Collier $85,000.00. Collier filed a motion for new trial and

2

Steinbach filed a memorandum in opposition. The trial court granted Collier's motion for new trial, finding that although she only requested an instruction to the jury and admonishment of Steinbach's counsel, it had "erroneously granted those requests and permitted the trial to continue." This appeal follows.

## DISCUSSION

Steinbach asserts two points on appeal. In point one, Steinbach claims the trial court erred in granting Collier's motion for new trial because the court lacked jurisdiction.[1] In point two on appeal, Steinbach argues if the trial court did have authority to grant the motion for new trial it lacked good cause because Collier did not suffer any prejudice from the court's ruling at trial.

*Standard of Review*

The trial court has broad discretion in ruling on a motion for new trial. *Steele v. Evenflo Co., Inc.*, 147 S.W.3d 781, 786 (Mo. App. E.D. 2004). In reviewing the court's decision to grant a new trial, we must "indulge every reasonable inference favorable to the trial court's ruling," and we will not reverse the trial court unless there is a clear abuse of discretion, despite the fact we might have ruled differently. *Guzman v. Hanson*, 988 S.W.2d 550, 554 (Mo. App. E.D. 1999) (internal citations omitted). However, while we are more liberal in affirming the grant of a new trial than in denying it, the error complained of must be prejudicial to the party seeking a new trial. *Id.*; *Brown v. Poetz*, 201 S.W.3d 76, 79 (Mo. App. E.D. 2006).

---

[1] Steinbach's argument improperly refers to the trial court's "jurisdiction." As discussed by the Supreme Court in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 255 (Mo. banc 2009), any limitation on the trial court's authority to entertain the motion for new trial is not jurisdictional. Thus, we refer only to the trial court's authority.

3

*Point I*

In her first point on appeal, Steinbach claims the trial court was without authority to consider the motion for new trial. Steinbach argues because Collier's motion for new trial asserted a single claim of error, for which she was granted all relief requested, it cannot be considered an authorized after-trial motion sufficient to extend the trial court's authority to rule on the motion after expiration of the thirty-day period set forth in Rule 75.01. This argument is without merit.

Pursuant to Missouri Supreme Court Rule 75.01,[2] a trial court retains control over judgments for the thirty-day period following its entry and may "vacate, reopen, correct, amend, or modify" the judgment within that time. Following the expiration of this thirty-day period, however, the court may also grant relief sought on grounds set forth in a motion for new trial. Rule 78.01; Rule 81.05; and *Steele*, 147 S.W.3d at 786.

While the trial court enjoys broad discretion to grant a motion for new trial if it is convinced the closing argument was prejudicial and substantially influenced the verdict, the exercise of this authority is not unfettered. *Maloney v. Benchmark Ins. Co.*, 628 S.W.3d 667, 682 (Mo. App. W.D. 2021). To properly grant such a motion, it is crucial that the movant suffered actual prejudice, which is very difficult to discern in circumstances like this when – upon advice of counsel – the trial court's proffered mistrial is rejected.

The judgment in this case was entered on May 19, 2022. Collier timely filed a motion for new trial on June 2, 2022, pursuant to Rule 78.04. The trial court issued its order granting the motion for new trial on July 28, 2022, finding that Steinbach's statement during closing argument was so prejudicial as to have warranted a mistrial. The order was issued within ninety

---

[2] All Rule references are to Missouri Supreme Court Rules (2022).

days as permitted by Rule 81.05, which provides that where a party files a timely, authorized after-trial motion, the judgment becomes final at the earlier of ninety days from the last timely motion filed, at which time "all motions not ruled shall be deemed overruled," or if the motion has been ruled on, the date of the ruling or thirty days after entry of judgment, whichever is later.

Point one is denied.

*Point II*

In her second point, Steinbach argues the trial court abused its discretion by granting Collier's motion for new trial because the court lacked good cause to do so and Collier did not suffer any prejudice from the alleged error. We agree.

The trial court has broad discretion in the area of closing argument. *McNear v. Rhoades*, 992 S.W.2d 877, 883 (Mo. App. S.D. 1999). During closing argument it is improper personalization for counsel to ask the jury to put themselves in the place of the victim or another party. *Henderson v. Fields*, 68 S.W.3d 455, 473 (Mo. App. W.D. 2001). It has been repeatedly held that "when the trial court sustains an objection to improper argument, and no further remedial action is requested, no error is preserved for appellate review." *Maloney*, 628 S.W.3d at 680, citing *Sanders v. Ahmed*, 364 S.W.3d 195, 211 (Mo. banc 2012) (quoting *Olsten v. Susman*, 391 S.W.2d 328, 330 (Mo. 1965).

Numerous Missouri cases have affirmed the trial court's denial of a motion for new trial where a party fails to request a mistrial because the party has waived the right to claim error. *See Maloney*, 628 S.W.3d at 681; *McNear*, 992 S.W.2d at 883; *MidAmerican Bank & Trust Co. v. Harrison*, 851 S.W.2d 563, 566 (Mo. App. W.D. 1993). If a party is granted "all the remedial action requested or desired," it is not error to deny a motion for new trial based on allegedly improper argument. *Olsten*, 391 S.W.2d at 330. In such circumstances, the party is essentially

5

hoisted by the petard of its own choice and, after a subsequent unfavorable result, cannot then claim prejudice sufficient to warrant a new trial. Moreover, by failing to request additional relief, a party implicitly concedes the argument complained of was not so egregious as to require the drastic remedy of a mistrial and waives the potential prejudicial effect of the alleged error. *McNear*, 992 S.W.2d at 883; *Glasgow v. Cole*, 168 S.W.3d 511, 515 (Mo. App. E.D. 2005).

However, we are not considering the denial of a motion for new trial on appeal. Instead, Steinbach is challenging an atypical circumstance where the trial court granted a new trial after the trial court offered to declare a mistrial which Collier declined after consulting with counsel. The parties do not cite and our research has not found a case affirming such an unusual order. In fact, *Glasgow* stands alone in this jurisprudence and we find it to be highly persuasive. There, the jury returned a verdict in favor of Glasgow on his claim for breach of contract when his insurance broker, Cole, refused to pay for the loss claimed from fire damage. 168 S.W.3d at 513. During Glasgow's cross-examination of Cole at trial, she made an improper comment about the origin of the fire. *Id*. at 514. Glasgow initially requested a mistrial; however, following a lunch recess and after consulting with his client, counsel returned and informed the court Glasgow did "not require a mistrial." *Id*. The jury returned its verdict and Glasgow filed a motion for new trial alleging, *inter alia*, that the comment made by Cole during her cross-examination regarding the origin of the fire influenced the jury and resulted in an inadequate damages award. *Id*. at 513. The trial court granted Glasgow's motion for new trial as to damages only, and Cole appealed. *Id*.

On appeal, Cole claimed the trial court abused its discretion by granting Glasgow a new trial on damages because the jury was instructed to disregard Cole's comment and there was no prejudice. *Id*. The *Glasgow* court agreed because the trial court granted all the relief he

6

requested, immediately instructed the jury to disregard the comment, and admonished Cole about her improper remarks. *Id*. at 515. In relying on the precedent from the plethora of Missouri cases where the motion for new trial was *denied*, the *Glasgow* court held that because he expressly stated he did not require a mistrial, he was "not entitled to gamble on the verdict of the jury, and if he loses then assert in a motion for new trial . . . that prejudicial error resulted from the incident." *Id*. Because he declined the offer of a mistrial, the court found Glasgow "implicitly decided the comment was not so injurious as to require drastic action and waived any possible prejudicial effect." *Id*. The court further held the jury's verdict was not so "shockingly inadequate" as to indicate it was the result of prejudice and was, in fact, supported by substantial evidence. *Id*. The appellate court concluded the trial court abused its discretion in granting a new trial on the issue of damages and reversed the trial court's decision. *Id*. at 516.

Significantly, Collier's motion for new trial does not actually assert the trial court committed error by failing to *sua sponte* declare a mistrial. Rather, she seems to ask the court to exercise its considerable discretion to effectively correct her strategic decision to proceed with the trial after she received what she believed was a less than favorable result. As in *Glasgow*, trial counsel's allegedly improper closing argument was immediately interrupted before it was even fully articulated when Collier requested a mistrial. The trial court excused the jury and heard extensive argument regarding what it considered a "mistriable phrase." After consulting with counsel, Collier ultimately asked the court to admonish Steinbach's counsel in front of the jury and instruct them to disregard the statement rather than declare a mistrial. This was the critical moment at trial when the court complied with her choice, granting Collier all the relief she requested.

7

We conclude, as in *Glasgow*, by declining to seek a mistrial, Collier implicitly decided the comment made by Steinbach's counsel during closing argument was not so significant to require the drastic remedy of a mistrial, and waived any potential prejudicial effect. 168 S.W.3d at 515; *see Guzman*, 988 S.W.2d at 554, and *Brown*, 201 S.W.3d at 79 (error must still be prejudicial even in light of more liberal review of grant of new trial). Quite frankly, one shudders to contemplate the reaction of Collier's counsel had the trial court *sua sponte* declared a mistrial after she elected to proceed upon legal advice that she considered sound at that time. *See Maloney*, 628 S.W.3d at 683 ("The conduct was susceptible to a remedy that Plaintiffs chose not to seek, a mistrial. Though inconvenient, the remedy of a mistrial would have imposed no greater burden on Plaintiffs than the relief of a new trial sought in their motion for new trial.")

Furthermore, we find the jury's verdict was not rendered shockingly inadequate by Steinbach's solitary, brief statement during closing argument which was immediately remedied, but rather was supported by substantial evidence. *See Glasgow*, 168 S.W.3d at 515; *see also Guzman*, 201 S.W.2d at 556 (despite its inadmissibility, testimony was not so prejudicial based upon evidence presented at trial and trial court abused its discretion granting new trial after not granting a request for mistrial), and *Brown*, 201 S.W.3d at 79 (court abused its discretion granting new trial after declining to grant a mistrial based on brief reference in defendant's testimony in light of substantial medical testimony presented).

Collier presented evidence from former co-workers, friends, her father, and her own testimony that she was not physically able to do things she could do before the accident. However, on cross-examination, Collier testified she remained a "pretty active person." She stated she walks approximately two to three miles three to four times per week, she played tennis consistently following the accident, she routinely goes bowling, and she does yoga "often." She

continues to engage in social activities such as attending sporting events and concerts. Collier testified she travels and even rode rollercoasters during two trips to Disneyworld. She also testified although she no longer does commercial photography, she is able to work full time managing a photo studio for a shoe company. Even if Collier had not implicitly acknowledged the lack of any prejudicial impact on the jury from counsel's statement in closing argument by her failure to request a mistrial, the evidence supports the jury's award.

As a result of the foregoing, we conclude the trial court abused its discretion in granting Collier's motion for new trial. Point two on appeal is granted.

## CONCLUSION

The order of the trial court granting new trial is reversed and the cause is remanded with directions to reinstate the jury verdict.

_____
Lisa P. Page, Presiding Judge

Thomas C. Clark, II, J. and
Renée D. Hardin-Tammons, J. concur.

9